Strafford
No. 2008-316

THE STATE OF NEW HAMPSHIRE

v.

JEREMIAH M. HOLMES

Argued: May 5, 2009
Opinion Issued: August 4, 2009

*Kelly A. Ayotte*, attorney general (*Thomas E. Bocian*, assistant attorney general, on the brief and orally), for the State.

*Paul Borchardt*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. Following his convictions for one count of being a felon in possession of a firearm, *see* RSA 159:3 (2002), two counts of falsifying physical evidence, *see* RSA 641:6, I, II (2007), and one count of criminal threatening with a deadly weapon, *see* RSA 631:4, I(a), II(a)(2) (2007), the defendant, Jeremiah M. Holmes, appeals a ruling of the Superior Court (*Fauver*, J.) barring him from impeaching a witness with a prior criminal conviction. We affirm.

The jury could have found the following relevant facts. On November 18, 2006, Holmes attended a rap concert at Burby's Pizza, a bar and restaurant in Somersworth. At some point he threatened David Driscoll and revealed what appeared to be a handgun in his waistband. Many witnesses saw the gun that night, but only for an instant, and they provided differing descriptions of it.

At trial, David Driscoll testified specifically to the size, shape, and color of the gun. Defense counsel sought to impeach him, pursuant to New Hampshire Rule of Evidence 609(a)(2), with evidence of his prior conviction for receiving stolen property. At a brief sidebar, the State argued that the theft conviction was not, on its face, admissible under Rule 609(a)(2), and offered a federal case, *United States v. Grandmont*, 680 F.2d 867, 871 (1st Cir. 1982), holding that robbery is not *per se* a crime of dishonesty. Defense counsel proffered Driscoll's criminal record, which indicated that Driscoll pled not guilty to a charge of receiving stolen property in 2002, but was found guilty. Defense counsel could not provide a certified copy of the conviction. The trial court refused to allow defense counsel to cross-examine Driscoll with evidence of his prior conviction, ruling that it was inadmissible under Rule 609(a)(2). On appeal, the defendant argues that

the trial court erred by excluding evidence of Driscoll's prior conviction for receiving stolen property because theft is a crime of dishonesty under Rule 609(a)(2).

We review a trial court's ruling to admit evidence of prior convictions under an unsustainable exercise of discretion standard. *State v. Deschenes*, 156 N.H. 71, 76 (2007). To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. *Id.*

As a preliminary matter, we address which version of Rule 609(a) we apply in this appeal. Rule 609(a), which is identical to Federal Rule of Evidence 609(a), was amended in October 2007, mirroring a 2006 amendment to the federal rule. Holmes' trial took place in December of 2007 — after Rule 609(a) was amended but *before* the amendment took effect on January 1, 2008. The prior version was therefore in effect at trial, and we presume that the trial court based its decision upon it. However, both parties cite the current, *amended* version of Rule 609(a) in their briefs. Further complicating matters, the defendant cites the language of the prior version centrally in his brief, stating that, "[t]he only issue is whether receiving stolen property is a crime that *involves* dishonesty or false statement." (Emphasis added). Under the circumstances, we might ask the parties to file supplemental briefs to clarify which rule they believe applies and how. Here, however, it is clear that the prior rule was in effect at trial and we base our decision upon it. Moreover, as we explain below, the result in this case would be the same under either version of the rule.

Prior to the amendment, the rule provided in relevant part:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if . . . [it] involved dishonesty or false statement, regardless of the punishment.

N.H. R. Ev. 609(a) (amended 2007).

When interpreting a rule of evidence — as with a statute or administrative rule — we will first look to the plain meaning of the words. *Cf. Vector Mktg. Corp.*, 156 N.H. at 783 (administrative rule); *DaimlerChrysler Corp. v. Victoria*, 153 N.H. 664, 666 (2006) (statute). Where language is ambiguous, or where more than one reasonable interpretation exists, we will look to the rule's history to aid in our interpretation, consistent with New Hampshire Rule of Evidence 102. *Cf. Appeal of Routhier*, 143 N.H. 404, 406 (1999) (interpreting an ambiguous statute). We construe rules in their entirety, not piecemeal. *Cf. Vector Mktg. Corp.*, 156 N.H. at 783. While

decisions of the federal courts may be helpful in interpreting analogous New Hampshire rules of evidence, we are the final interpreter of our rules. N.H. R. Ev. 102.

The defendant argues that a conviction for receiving stolen property is always suitable for cross-examination under Rule 609(a)(2) because theft is always a crime of dishonesty. We disagree.

We have never addressed the admissibility of receiving stolen property under Rule 609(a)(2). While courts in several states do hold that theft, analogous to receiving stolen property, is *per se* dishonest and thus admissible under their state rules of evidence, *see, e.g., State v. McKinsey*, 810 P.2d 907, 909 (Wash. 1991) (holding receiving stolen property is *per se* dishonest); *Com. v. Ellis*, 549 A.2d 1323, 1334 (Pa. Super. Ct. 1988) (holding receiving stolen property is *crimen falsi*), *appeal denied*, 562 A.2d 824 (Pa. 1989), the majority view among federal courts is that theft is not a crime of dishonesty under Federal Rule of Evidence 609(a)(2). *See United States v. Amaechi*, 991 F.2d 374, 378 n.1 (7th Cir.) (collecting cases from nine federal circuits holding that "stealing is not a crime of dishonesty for purposes of the Rules of Evidence"), *cert. denied*, 508 U.S. 979 (1993).

Unlike crimes such as perjury or false statement, receiving stolen property is not obviously dishonest. In New Hampshire, a person commits the crime of receiving stolen property when:

> he receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it has probably been stolen, with a purpose to deprive the owner thereof.

RSA 637:7, I (2007). On its face, our statute does not impute dishonesty or mendacity to the crime. *See United States v. Foster*, 227 F.3d 1096, 1100 (9th Cir. 2000) (holding that receiving stolen property is not automatically a crime of dishonesty for purposes of Rule 609(a)(2)); *compare* RSA 637:7, I, *with* RSA 637:4 (2007) (defining "Theft by Deception" to include obvious examples of fraud and misrepresentation). We must, therefore, look beyond the statute to the nature of the crime and the history of Rule 609(a)(2).

The crux of the defendant's argument lies in his broad construction of the phrase "dishonesty or false statement." He argues that such acts embrace receiving stolen property because one who commits that crime is "void of integrity; faithless; . . . not trustworthy." This is one of many sound characterizations, and we note that some definitions of "dishonesty" specifically contemplate theft, and vice versa. *See, e.g.,* BALLENTINE'S LAW DICTIONARY 356 (3d ed. 1969) (defining "dishonesty" as "[w]ant of honesty; lying; stealing; defrauding"); 1 THE COMPACT EDITION OF THE OXFORD ENGLISH DICTIONARY 752 (1971) (defining "dishonesty" as "disposition to

deceive, defraud, or steal; thievishness; theft, fraud"). However, in the context of Rule 609(a)(2), we believe that "dishonesty" has a narrower meaning.

As other courts have observed, "dishonesty" is bifurcate: one may use the word "narrowly to refer to a liar, and broadly to refer to a thief." *United States v. Brackeen*, 969 F.2d 827, 829 (9th Cir. 1992). The term "dishonesty" is therefore ambiguous because it is reasonably susceptible to more than one meaning, and we look to the history of Rule 609 to help resolve that ambiguity. *See Vector Mktg. Corp.*, 156 N.H. at 783.

The original House Conference Committee Report on Federal Rule of Evidence 609 (the report) did not include all forms of theft under the purview of Rule 609(a)(2). *See* H.R. REP. NO. 93-1597 (1974) (Conf. Rep.), *as reprinted* in 1974 U.S.C.C.A.N. 7098, 7103. The report instead construed the phrase "dishonesty and [*sic*] false statement" to include crimes such as,

> perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

*Id.* Although this list is not exhaustive, it clearly illustrates that Rule 609(a)(2) was intended to include a "narrow subset of criminal activity." *United States v. Smith*, 551 F.2d 348, 362 (D.C. Cir. 1976). At its broadest, the rule contemplates only crimes involving deceit, untruthfulness, or falsification. Only a limited number of crimes *necessarily* involve these elements, and receiving stolen property is not among them.

As noted above, the rule was amended in 2007. Although we address the instant case under the prior version of Rule 609(a)(2), the result would be the same under either version. The amendment is unavailing to the defendant because it allows for evidence to be admitted only where it "readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement." N.H. R. EV. 609(a)(2). At least for the crime of receiving stolen property, the amended rule admits evidence under more narrow circumstances than the pre-amendment rule. Where we hold that receiving stolen property does not *involve* an act of dishonesty or false statement, it is plainly not *readily determinable* that establishing the *elements of the crime required proof* of such an act.

Because Driscoll's conviction for receiving stolen property did not involve an act of dishonesty or false statement within the meaning of Rule 609(a)(2), we find no unsustainable exercise of discretion. *See State v. Lambert*, 147 N.H. 295, 296 (2001).

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.