Belknap
No. 2009-703

THE STATE OF NEW HAMPSHIRE

v.

JENNIFER LONG

Argued: October 28, 2010
Opinion Issued: January 13, 2011

*Michael A. Delaney*, attorney general (*Thomas E. Bocian*, assistant attorney general, on the brief and orally), for the State.

*Pamela E. Phelan*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DUGGAN, J. Following her conviction for resisting arrest, *see* RSA 642:2 (Supp. 2010), the defendant, Jennifer Long, appeals a ruling of the Superior Court (*McGuire*, J.) permitting the State to impeach her credibility with her prior conviction for attempted fraudulent use of a credit card. We affirm.

The jury could have found the following facts. On the evening of October 7, 2008, Officer Timothy Sullivan of the Alton Police Department was dispatched to 348 Main Street for a domestic disturbance complaint. While Officer Sullivan was speaking with an individual regarding the domestic disturbance, Officer Tracy Tremblay arrived and spoke with the woman who made the domestic disturbance call. A car then pulled onto the property at high speed from which the defendant emerged, shouting obscenities at the two police officers.

The defendant subsequently approached the officers in a "hostile and agitated" manner while they were attempting to handle the domestic disturbance complaint. She ignored several instructions from Tremblay to stop, and the officers eventually had to subdue her.

Prior to trial, the State moved *in limine* to use the defendant's prior convictions for receiving stolen property and attempted fraudulent use of a credit card to impeach her if she chose to testify. The motion was granted without objection. Just prior to trial, we issued our opinion in *State v. Holmes*, 159 N.H. 173 (2009), which held that receiving stolen property is not a crime involving an act of dishonesty or false statement for purposes of New Hampshire Rule of Evidence 609(a)(2). On the day of trial the defendant asked the court to reconsider its prior ruling in light of the new decision. She argued that not only was the receiving stolen property conviction inadmissible, but so was the attempted fraudulent use of a credit card conviction. The defendant asserted that the statutory elements of an attempt crime do not require proof of an act of dishonesty or false statement. The trial court apparently relied upon the underlying charging documents, which alleged that the defendant knew she was using a credit card that was stolen and that she unsuccessfully tried to use the card. The defendant's motion was granted as to the receiving stolen property conviction but denied as to the attempted fraudulent use of a credit card conviction.

At trial, the defendant took the stand in her own defense and was impeached with her prior conviction for attempted fraudulent use of a credit card. The jury convicted her of resisting arrest. This appeal followed.

On appeal, the defendant first argues that the trial court erred when it looked beyond the statutory elements of attempted fraudulent use of a credit card to the facts underlying the conviction in determining admissibility under Rule 609(a)(2). Second, she argues that the crime of attempted fraudulent use of a credit card does not require proof of a dishonest act and that the conviction should have been inadmissible under Rule 609(a)(2).

"We review a trial court's ruling to admit evidence of prior convictions under an unsustainable exercise of discretion standard." *Holmes*, 159 N.H. at 175. "To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." *Id.*

This is the first occasion we have had to examine the amended version of New Hampshire Rule of Evidence 609(a)(2). In October 2007, Rule 609(a) was amended to mirror the 2006 amendment to Federal Rule of Evidence 609(a). *Id.* The amended rule provides in relevant part:

> For the purpose of attacking the character for truthfulness of a witness, evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

N.H. R. Ev. 609(a)(2).

· ■ When interpreting a rule of evidence we will first look to the plain meaning of the words. *Holmes*, 159 N.H. at 175. Where the language is ambiguous, or where more than one reasonable interpretation exists, we will look to the rule's history to aid in our interpretation, consistent with New Hampshire Rule of Evidence 102. *Id.* We construe rules in their entirety, not piecemeal. *Id.* While decisions of the federal courts may be helpful in interpreting analogous New Hampshire Rules of Evidence, we are the final interpreter of our rules. *Id.* at 175-76.

■■ According to the plain language, the court must admit a witness's prior conviction for impeachment purposes "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." N.H. R. Ev. 609(a)(2). By the plain and ordinary meaning of the words used, the rule suggests that a court should look to what the State actually needed to prove to establish the elements of the crime. *See* 4 J. WEINSTEIN & M. BERGER,

WEINSTEIN'S FEDERAL EVIDENCE § 609.04[2][b] (J. McLaughlin, ed., 2d ed., 2010) ("[C]rimes come within Rule 609(a)(2), even though the statutory elements do not include deceit, if the government has to prove deceit or dishonesty to obtain the conviction.").

As noted above, the 2007 amendment to Rule 609(a)(2) is identical to the 2006 federal amendment. Thus, the committee note to the 2006 federal amendment is persuasive in interpreting this state's 2007 amendment. It states:

> The amendment requires that the proponent have ready proof that the conviction required the factfinder to find, or the defendant to admit, an act of dishonesty or false statement. Ordinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement. Where the deceitful nature of the crime is not apparent from the statute and the fact of the judgment — as, for example, where the conviction simply records a finding of guilt for a statutory offense that does not reference deceit expressly — a proponent may offer information such as an indictment, a statement of admitted facts, or jury instructions to show that the factfinder had to find, or the defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted. . . . But the amendment does not contemplate a "mini-trial" in which the court plumbs the record of the previous proceeding to determine whether the crime was in the nature of *crimen falsi.*

FED. R. EV. 609 advisory committee's note on 2006 amendment.

■ It is thus clear from the committee note that the rule anticipates the use of charging documents and jury instructions in establishing the deceitful nature of a criminal conviction. *Cf. Taylor v. United States*, 495 U.S. 575, 602 (1990) (providing that a trial court may look to a charging instrument or jury instructions to ascertain the nature of a prior offense); *Shepard v. United States*, 544 U.S. 13, 26 (2005) (in determining whether a defendant's guilty plea admitted certain elements, court was limited to using the charging document's terms, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or a comparable judicial record). We thus reject the defendant's argument that a court commits an unsustainable exercise of discretion when it looks beyond the statutory elements of the crime to determine whether Rule 609(a)(2) applies to a prior conviction.

■ Second, the defendant argues that a conviction for attempted fraudulent use of a credit card does not require proof or admission of an act of dishonesty or false statement. We disagree. RSA 638:5, I(a) (2007) provides that "[a] person is guilty of fraudulent use of a credit card if [s]he uses a credit card for the purpose of obtaining property or services with knowledge that [t]he card is stolen." In establishing the elements of RSA 638:5, I(a), the State must prove that a defendant knowingly used a stolen credit card to obtain goods or services. Because this act necessarily involves falsely claiming to be someone else, conviction under this statute clearly falls within Rule 609(a)(2).

■■ That the defendant was charged under the attempt variant of the fraudulent use of a credit card statute is of no consequence. Under RSA 629:1, I (2007), a person is "guilty of an attempt to commit a crime if, with a purpose that a crime be committed, he does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step toward the commission of the crime." In order to prove that the defendant attempted to fraudulently use a credit card, the State had to prove that the defendant took a substantial step toward the commission of the credit card fraud, and that she took that substantial step with the purpose that the credit card fraud actually be committed. Even if the act constituting the attempt, *e.g.*, entering a store, is not itself an act of dishonesty or false statement, the act is done with the purpose of ultimately posing as someone else and using that person's stolen credit card to obtain goods and services. Thus, because the ultimate purpose is to commit an act of dishonesty, the attempt comes within Rule 609(a)(2). *See State v. Taliaferro*, 442 N.E.2d 481, 482 (Ohio Ct. App. 1981) ("We hold that the offenses of attempted forgery, petty theft and attempted receiving stolen property are offenses involving dishonesty and that the trial court therefore did not err in permitting the introduction into evidence of the defendant's prior convictions for those offenses for the purpose of impeaching his credibility."); *State v. Ross*, 782 P.2d 529, 531 (Utah Ct. App. 1989) ("under Utah law, the crime of attempted forgery involves the same culpability and dishonesty as does the crime of forgery itself"); *State v. Teal*, 73 P.3d 402, 409 (Wash. Ct. App. 2003) (finding that attempted robbery is a crime of dishonesty, which is *per se* admissible under Rule 609(a)(2)), *aff'd on other grounds*, 96 P.3d 974 (Wash. 2004). Accordingly, we hold that a conviction under an attempt variant of a crime requiring proof of an act of dishonesty or false statement may properly be admitted for impeachment purposes under Rule 609(a)(2).

*Affirmed.*

DALIANIS, C.J., and HICKS and CONBOY, JJ., concurred.