Hillsborough-southern judicial district
No. 2003-284

### THE STATE OF NEW HAMPSHIRE

v.

### EDWARD HANNON

Argued: September 9, 2004
Opinion Issued: February 22, 2005

*Kelly A. Ayotte,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

*David Rothstein,* deputy chief appellate defender, and *Dawnangela Minton,* assistant appellate defender, of Concord (*Ms. Minton* on the brief, and *Mr. Rothstein* orally), for the defendant.

BRODERICK, C.J. Following a jury trial in Superior Court (*Groff,* J.), the defendant, Edward Hannon, was convicted of numerous sexual assaults against a juvenile, who was eight years old when the assaults began. He appeals three of his convictions on the basis that one "pattern" indictment and two discrete sexual assault indictments involved not only the same victim and type of sexual act, but also common locations and overlapping time frames. The defendant contends that as a result of being charged and prosecuted under the foregoing indictment scheme, his rights to be free from double jeopardy and to due process under both the State and Federal Constitutions were violated. Further, with respect to his convictions for other "pattern" offenses, he argues that his State and federal constitutional rights to jury unanimity were violated because the trial court did not require the State to allege any predicate offenses. We affirm.

I

In August 2001, the State obtained eighteen indictments against the defendant, consisting of eleven allegations of aggravated felonious sexual assault (AFSA), *see* RSA 632-A:2 (Supp. 2004), six allegations of AFSA "patterns," *see* RSA 632-A:2, III (1996), and one allegation of attempted AFSA, *see* RSA 632-A:2; RSA 629:1 (1996). Prior to trial, the defendant moved to dismiss the indictments or, alternatively, to require the State to provide a bill of particulars, arguing that: (1) the offenses were only minimally described in the indictments such that he could not differentiate between the various counts of AFSA and prepare an adequate defense; (2) the "pattern" indictments did not ensure jury unanimity because they contained no allegations regarding the predicate assaults comprising the "patterns"; and (3) several of the indictments alleging discrete acts of AFSA could serve as predicate offenses for certain "pattern" indictments in violation of his right to be free from double jeopardy. He also moved to quash nine indictments, contending that: (1) six indictments failed to establish the offense of a "pattern" of AFSA because the State did not include any allegations pertaining to the predicate assaults comprising the "patterns"; (2) the six "pattern" indictments failed to provide him sufficient notice of the offense with which he was charged because certain

facts, such as the number of times he allegedly assaulted the victim, were not included in the indictments; and (3) three indictments charging discrete acts of AFSA could serve as the underlying offenses for certain "pattern" indictments in violation of his right to be free from double jeopardy. In an addendum to his motion to quash, the defendant further argued that "the special circumstances where the State may attempt to 'simultaneously pursue convictions for a pattern sexual assault under RSA 632-A:2, III and for sexual assaults under RSA 632-A:2 or :3 for acts perpetrated against the same victim during a common period of time' require the additional protections not found necessary in [*State v. Fortier*, 146 N.H. 784 (2001)]." The trial court denied both of the defendant's motions.

Before trial, the State *nol prossed* two of the AFSA indictments, and following the close of evidence, the court granted the defendant's motion to dismiss one "pattern" AFSA indictment and one AFSA indictment. The jury convicted the defendant on all remaining charges, which consisted of five "patterns" of AFSA, eight discrete counts of AFSA and one count of attempted AFSA. This appeal followed.

## II

The defendant raises several double jeopardy arguments with respect to three indictments, one involving a "pattern" and two involving discrete acts of sexual assault. We first address his arguments under the State Constitution, and cite federal opinions for guidance only. *State v. Ball*, 124 N.H. 226, 231-33 (1983).

The "pattern" indictment alleged that on or between January 1, 1995, and October 16, 1996, the defendant,

> in various rooms at 53 Anvil Drive ... did commit the crime of [AFSA] in that he knowingly engaged in a pattern of sexual assault against another person, not his legal spouse, who was less than sixteen (16) years of age, to wit: the said Edward J. Hannon, Jr. committed more than one (1) act of sexual assault, to wit: sexual penetration against [the victim] who was less than thirteen (13) years of age, by knowingly inserting his penis into [the victim's] mouth ....

One of the challenged discrete AFSA indictments (the bedroom indictment) alleged that between October 17, 1994, and October 16, 1995, the defendant,

> while in a bedroom at 53 Anvil Drive . . . did commit the crime of [AFSA] in that he knowingly engaged in sexual penetration with [the victim], a juvenile female who was less than thirteen (13) years of age at the time, by inserting his penis into her mouth . . . .

The other discrete AFSA indictment (the bathroom indictment) alleged that between September 1, 1994, and October 16, 1996, the defendant,

> while in a bathroom at 53 Anvil Drive . . . did commit the crime of [AFSA] in that he knowingly engaged in sexual penetration with [the victim], a juvenile female who was less than thirteen (13) years of age at the time, by inserting his penis into her mouth, after having gained entry into the bathroom through a door which [the victim] had locked . . . .

The defendant contends that the trial court erred in allowing the State to simultaneously pursue convictions for these three offenses because the two alleged discrete sexual assaults were of the same type as those alleged in the "pattern" indictment; they were against the same victim; and they occurred during overlapping periods of time in common locations. He argues that this indictment scheme improperly allowed jurors to use evidence of the charged discrete assaults to find one or more of the predicate offenses necessary to convict him of the conduct charged in the "pattern" indictment. He also argues that the trial court erred in instructing the jury because it failed to specifically direct the jurors not to use evidence of the discrete acts of AFSA to find predicate offenses necessary to convict him on the "pattern" indictment. Finally, he contends that the trial court erred by sentencing him on all three charges.

RSA 632-A:2, III provides:

> A person is guilty of aggravated felonious sexual assault when such person engages in a pattern of sexual assault against another person, not the actor's legal spouse, who is less than 16 years of age. The mental state applicable to the underlying acts of sexual assault need not be shown with respect to the element of engaging in a pattern of sexual assault.

"Pattern of sexual assault" is defined as "committing more than one act under RSA 632-A:2 [AFSA] or RSA 632-A:3 [felonious sexual assault, hereinafter FSA], or both, upon the same victim over a period of 2 months or more and within a period of 5 years." RSA 632-A:1, I-c (Supp. 2004).

Accordingly, the pattern statute penalizes a person for engaging in a "pattern of sexual assault," which is the commission of at least two acts of sexual assault as described under 632-A:2 or 632-A:3 within a defined time frame. That individual acts of sexual assault are required for a "pattern" to occur under the statute, and that such acts would be unlawful under other sections of the Criminal Code, does not remove the pattern statute from the course of conduct category of offenses.

*State v. Fortier*, 146 N.H. 784, 790 (2001) (citations omitted).

█ The Double Jeopardy Clauses of both the United States Constitution and the New Hampshire Constitution protect an accused from twice being tried and convicted for the same offense. *State v. Gosselin*, 117 N.H. 115, 118 (1977); *see* N.H. CONST. pt. I, art. 16; U.S. CONST. amend. V. Double jeopardy concerns may arise in a variety of circumstances, the most common of which include: (1) the simultaneous prosecution of multiple charges for the same offense; and (2) the subsequent prosecution of a charge involving the same underlying conduct previously prosecuted by the State. *State v. Nickles*, 144 N.H. 673, 676 (2000). With respect to the first scenario, which applies to this case, the Double Jeopardy Clause of the New Hampshire Constitution precludes the State from pursuing multiple charges in a single prosecution when the charges comprise the same offense and the State seeks multiple convictions and punishments. *Id.*

The standard for determining whether multiple charges constitute the "same offense" for double jeopardy purposes is identical regardless of the particular scenario in which a double jeopardy challenge is raised. Two offenses will be considered the same unless each requires proof of an element that the other does not. The essential inquiry on this point is whether proof of the elements of the crimes *as charged* will in actuality require a difference in evidence. In making this inquiry, we review and compare the statutory elements of the charged offenses in light of the actual allegations contained in the indictments.

*Id.* at 677 (brackets, quotations and citations omitted).

Among the elements that the State must prove to a unanimous jury to obtain a conviction for a "pattern" offense are: (1) that the defendant engaged in more than one prohibited act under RSA 632-A:2 or 632-A:3; and (2) that the acts occurred "over a period of two months or more and

within a period of 5 years." RSA 632-A:1, I-c; *see Fortier*, 146 N.H. at 791. Thus, to obtain a conviction for the "pattern" offense in this case, the State had to prove to a unanimous jury, among other things, that between January 1, 1995, and October 16, 1996, the defendant knowingly inserted his penis into the victim's mouth more than once. The defendant's insertion of his penis into the victim's mouth as alleged in the "pattern" indictment is an act of sexual assault under RSA 632-A:2, I(l). The bedroom and bathroom indictments also alleged that the defendant inserted his penis into the victim's mouth in violation of RSA 632-A:2, I(l). Those indictments alleged that the acts occurred during periods of time that overlapped the period of time alleged in the "pattern" indictment, and in common locations.

However, it is clear that for a jury to have found the defendant guilty of the "pattern" offense, more than just the evidence necessary to sustain a conviction on the bedroom assault was required. In other words, evidence of the bedroom assault alone could not sustain a conviction for the "pattern" offense because a "pattern," by definition, consists of multiple assaults. For the same reason, evidence of the bathroom assault alone could not sustain a conviction for the "pattern" offense. Moreover, the evidence needed to obtain a guilty verdict on the "pattern" charge would not necessarily sustain a conviction for either the bedroom or bathroom assault.

■ In *Fortier*, we explained that the pattern statute criminalizes "a continuing course of sexual assaults, not isolated instances." *Fortier*, 146 N.H. at 791. To that end, "the essential culpable act, the *actus reus*, is the pattern itself; that is, the occurrence of more than one sexual assault over a period of time, and not the specific assaults comprising the pattern." *Id*. Thus, we concluded that a jury need not be unanimous on the underlying acts comprising a "pattern" offense, but need only unanimously agree "that a defendant engaged in more than one act of sexual assault as described in RSA 632-A:2 and :3 . . . provided that they find the requisite number of acts occurred during the statutory time period." *Id*. Consequently, if a unanimous jury agreed that the defendant in this case was guilty of the "pattern" offense, the jury would not necessarily have unanimously agreed that the defendant committed the bedroom assault. Similarly, the jury would not necessarily have unanimously agreed that the defendant committed the bathroom assault. Therefore, the State's evidence of the "pattern" offense would not necessarily sustain a conviction on either the bedroom or bathroom charge.

■ Accordingly, we hold that the State's indictment scheme and simultaneous prosecution of the "pattern," bedroom and bathroom offenses did not violate the defendant's right to be free from double jeopardy under the New Hampshire Constitution. *Cf. State v. Currier,* 148 N.H. 203, 206-07 (2002) (recognizing violation of double jeopardy based on State's indictment scheme). Thus, the trial court properly denied the defendant's pretrial motions and did not, as the defendant contends, engage in an unsustainable exercise of discretion in doing so.

The defendant also argues that the trial court erred in instructing the jury because:

> As charged, the jury did not need to consider any different evidence other than that alleged in [the bedroom and bathroom indictments] when deciding if the State proved the predicate acts for [the "pattern."] The jury could have used [the bedroom and bathroom indictments] as proof of the predicate acts necessary for a conviction on [the "pattern."]

However, when the State requested jury instructions pursuant to which the trial court would have directed the jury to consider evidence of the discrete charges separately from evidence pertaining to the "pattern" charge, the defendant objected. Thus, assuming, without deciding, that special instructions were necessary, we find no error in the trial court's jury instructions because the defendant cannot now avail himself of the very error into which he led the trial court, whether intentionally or unintentionally. *State v. Goodale,* 144 N.H. 224, 227 (1999).

The defendant further contends that his right to be free from double jeopardy was violated when the trial court sentenced him on the bedroom, bathroom and "pattern" convictions. Having concluded that there was no double jeopardy violation based on the State's indictment scheme and simultaneous prosecution of these offenses, however, we need not address this argument other than to say that there was no infirmity in the trial court's decision to sentence the defendant on all three charges.

The Federal Constitution offers the defendant no greater protection than the State Constitution under these circumstances. *See Jacobs v. Marathon County, Wis.,* 73 F.3d 64, 67 (7th Cir.) (federal test to determine whether there are two offenses or only one is whether each charge requires proof of a fact which the other does not), *cert. denied,* 517 U.S. 1251 (1996); *Nickles,* 144 N.H. at 677. Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

The defendant does not raise the issue of whether the legislature, in creating the "pattern" statute, intended that the State be permitted to simultaneously prosecute discrete acts of molestation and a "pattern" of abuse where, as here, the discrete acts and the "pattern" involved the same victim and overlapping time frames. *See Fortier*, 146 N.H. at 790-91 (discussing legislature's purpose in creating "pattern" statute); *cf.* CAL. PENAL CODE § 288.5(c) (Supp. 2004); N.Y. PENAL LAW § 130.75(2) (2004); WIS. STAT. § 948.025(3) (2003-2004) (all containing express prohibitions against simultaneous prosecution of "pattern" offenses and other sexual offenses involving same victim, unless other sexual offenses occurred outside of "pattern" time frame or unless other offenses charged as alternatives). Thus, we need not decide that matter today.

## III

■ Next, with respect to his remaining five convictions for "pattern" offenses, the defendant argues that unless the jury agreed unanimously upon his commission of two assaults that satisfied the statutory criteria for "pattern" offenses, his convictions violated his rights to jury unanimity and due process under both the State and Federal Constitutions. The defendant concedes, however, that this is the same issue as was presented in *State v. Sleeper*, 150 N.H. 725 (2004). In accordance with our holding in *Sleeper*, we conclude the defendant's rights to jury unanimity and due process were not violated in this case. *See Sleeper*, 150 N.H. at 728-31 (resolving issue under both State and Federal Constitutions).

## IV

Finally, the defendant raises several State and federal due process arguments with respect to the bedroom, bathroom and "pattern" charges. We address the defendant's claims under the State Constitution, and cite federal opinions for guidance only. *Ball*, 124 N.H. at 231-33.

First, relying on *State v. Currier*, the defendant contends that the trial court erred in denying his pretrial motions because the multiple indictments against him left the jury with the reasonable inference that he was charged with more crimes than he actually was, thus unfairly prejudicing the jury in its ability to consider the charges against him "intelligently and dispassionately." This argument requires little discussion.

■ As explained above, the State's indictment scheme and simultaneous prosecution of the "pattern," bedroom and bathroom assaults in this case

did not violate the defendant's right to be free from double jeopardy under the State and Federal Constitutions. Consequently, unlike *Currier*, the defendant in this case was not charged with more crimes than he actually was alleged to have committed. *Cf. Currier*, 148 N.H. at 207-08 (State's overlapping indictment scheme violated defendant's right to due process where indictments charged defendant with same offense in fact and in law). Accordingly, the State's indictment scheme did not unfairly prejudice the jury in its ability to consider the charges against him "intelligently and dispassionately."

Second, the defendant contends that his ability to prepare an adequate defense was impaired by the State's overlapping indictment scheme because the State failed to allege any information about the underlying assaults that formed the basis of the "pattern" offense. He maintains that as a result of this lack of information he had no way of knowing whether the State intended to prove the "pattern" offense by evidence of the bedroom and bathroom assaults. For these reasons, he argues that the trial court engaged in an unsustainable exercise of judicial discretion in denying his pretrial motions.

██ Part I, Article 15 of the New Hampshire Constitution provides, in relevant part, that "[n]o subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him." In determining whether an indictment satisfies this constitutional standard, the question is not whether an indictment could be more certain and comprehensive, but whether it contains the elements of the offense and enough facts to warn the accused of the specific charges against him. *State v. Hermsdorf*, 135 N.H. 360, 366 (1992); *State v. Burley*, 137 N.H. 286, 289 (1993).

In *Fortier*, we explained the purpose of New Hampshire's "pattern" statute:

> Like other jurisdictions that have adopted pattern statutes for sexual assault similar to [New Hampshire's], our legislature created RSA 632-A:2, III to respond to the legitimate concern that many young victims, who have been subject to repeated, numerous incidents of sexual assault over a period of time by the same assailant, are unable to identify discrete acts of molestation. These young victims may have no practical way of recollecting, reconstructing, distinguishing or identifying by specific incidents or dates all or even any of the acts of sexual assault.

*Fortier*, 146 N.H. at 790-91 (quotation and citations omitted). Thus, because the very purpose of the "pattern" statute is to allow prosecutions when victims are unable to identify discrete acts of molestation, it follows that much of the information about specific predicate acts that give rise to a "pattern" offense will not be available to the State.

■ Moreover, the statute clearly proscribes the conduct against which the defendant was required to defend: a "pattern" of sexual assault, defined as committing more than one act of AFSA or FSA or both, upon the same victim, over a period of two months or more and within a period of five years, against someone less than sixteen years of age and not the actor's legal spouse. *See* RSA 632-A:2, III; RSA 632-A:1, I-c. The "pattern" indictment contained the elements of the offense, as well as facts sufficient to allow the defendant to prepare a defense, including the location where the assaults allegedly occurred, the time frame within which the assaults allegedly occurred and the particular type of sexual act allegedly perpetrated against the victim. Accordingly, we hold that the defendant's ability to prepare a defense was not impaired by the lack of additional detail in the "pattern" indictment.

Furthermore, even assuming that the State intended to prove the "pattern" offense with the same evidence it used to prove the bedroom and bathroom assaults, the defendant's ability to prepare a defense could not have been impaired because he had to defend against the bedroom and bathroom charges in any event, and he argues no infirmity with respect to those indictments. Assuming that the State did not intend to prove the "pattern" offense with the same evidence it used to prove the bedroom and bathroom assaults, the defendant's ability to prepare a defense would still not be impaired because, as discussed, he was sufficiently apprised of the nature of the "pattern" offense to ensure preparation of an adequate defense.

The Federal Constitution offers the defendant no greater protection than the State Constitution under these circumstances. *See United States v. Cianci*, 378 F.3d 71, 81 (1st Cir. 2004); *State v. Settle*, 132 N.H. 626, 630 (1990). Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

*Affirmed.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred.