# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0400, <u>State of New Hampshire v. Ronald Libby</u>, the court on April 6, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Ronald Libby, appeals his conviction, following a jury trial in Superior Court (<u>Wageling</u>, J.), of attempted pattern aggravated felonious sexual assault. <u>See</u> RSA 632-A:2, III (Supp. 2014); RSA 629:1 (2007). He argues that the evidence was insufficient to prove that the attempted assaults occurred over a period of two months or more. <u>See</u> RSA 632-A:1, I-c (Supp. 2014).

"When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>State v. Zubhuza</u>, 166 N.H. 125, 128 (2014) (quotation omitted). "We consider all the evidence and all reasonable inferences therefrom in the light most favorable to the State." <u>Id</u>. (quotation omitted). "The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt." <u>Id</u>. (quotation omitted).

The defendant was charged with committing a pattern of attempted sexual assault. To support the conviction, the State was required to prove that the defendant attempted to commit at least two acts of sexual assault upon the same victim over a period of two months or more and within a period of five years. <u>See</u> <u>State v. Hannon</u>, 151 N.H. 712-13 (2005); RSA 632-A:1, I-c.

The victim's mother testified that the victim's birthday is September 4, and that the defendant's wife babysat the victim from July 2008, when the victim was four years old, until July 2010, when the victim was six years old. The victim, who was ten years old at the time of trial, testified that she would stay at the home of the defendant and his wife when the wife was babysitting. The victim spent most of her time in their living room, where the defendant usually would be in his chair, reading the newspaper. The victim testified that more than twice, but fewer than ten times, the defendant unzipped his pants, pointed down at his underwear, and told the victim to come over and touch his penis. The victim testified that the defendant's conduct occurred when the wife was in the kitchen washing dishes or in the basement washing clothes. The

defendant told the victim not to tell his wife about his conduct. The victim testified that she was confused by the defendant's conduct because no one else had done that to her before, and she thought it might have been a game.

The victim recalled having one or two birthdays while the wife was babysitting her. Her family did not invite the defendant and his wife to her birthday celebrations, but she recalled that on one occasion, they brought her a gift of lip gloss. The prosecutor then examined the victim as follows:

PROSECUTOR: Do you remember if when they brought you the lip gloss, [the defendant] was playing that game with you that you didn't understand?

VICTIM: Yes.

PROSECUTOR: He was playing the game?

VICTIM: Yes.

Later in the victim's direct examination she was asked the same question, and she testified, "I do not remember." However, the victim's credibility and the proper weight to be given to her testimony were issues for the jury to resolve. See State v. Ericson, 159 N.H. 379, 386 (2009). The jury was free to accept or reject any portion of the victim's testimony in its deliberations. Id. "When there is conflicting factual testimony, we defer to the findings of the jury unless no reasonable person could have come to the same conclusion." Id. (quotation omitted). Based upon this testimony, we conclude that a rational jury could have found beyond a reasonable doubt that the defendant attempted to sexually assault the victim close in time to her birthday during the period in which his wife babysat her, which would have been in September 2008 or September 2009. See State v. Zubhuza, 166 N.H. at 128.

The mother further testified that one day in July 2010, she arrived at the defendant's house to pick up her daughter, who was outdoors in the yard. The mother testified that her daughter "was running at me hysterical, saying 'He said don't tell [his wife], he said don't tell [his wife].'" The mother testified that her daughter "was agitated, her voice was raised, and she was . . . crying."

After the mother drove her daughter home, she attempted to discuss what happened. The daughter was still upset, and said, "He's gross, he's gross, he's gross." Approximately fifteen to twenty minutes later, the defendant and his wife appeared at their door, something that had never happened before. The topic of the discussion was the victim's abrupt departure from their home. The wife was upset, and at one point during the conversation, the defendant said, while looking down, "Sometimes I scratch myself." Otherwise, the defendant was quiet during the conversation and would not make eye contact

2

with the mother.  The prosecutor asked the victim whether the defendant had attempted to assault her "just before" this July 2010 event, and the victim testified, "Yes.  Yes."  After the prosecutor told her that she "seemed unsure," the victim said, "I do not remember."  The prosecutor then said, "Okay.  When you finally said something to your mom, do you remember if it had happened, you know, in the one month or two months before that."  The victim replied, "It had happened before that for one month."

A rational jury could conclude that defendant attempted to assault the victim on or close in time to the day in July 2010 when she ran to her mother upset and crying.  Only after being told by the prosecutor that she "seemed unsure" in her answer did the victim testify that she could not remember.  The jury was free to accept the victim's original answer, see id., which was consistent with her behavior and emotional state on that day, as described by the mother and the wife.  Moreover, a rational jury could conclude from the victim's further testimony, "[i]t had happened before that for one month," that the defendant attempted one or more additional assaults during the month before the July 2010 incident.  Together with the testimony proving that the defendant also attempted to assault the victim close in time to her birthday, we conclude that the evidence was sufficient to prove that the attempted assaults occurred over a period of two months or more.  See State v. Zubhuza, 166 N.H. at 128.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3