NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Grafton
No. 2014-078

THE STATE OF NEW HAMPSHIRE

v.

STEVEN P. COLLINS

Argued: January 15, 2015
Opinion Issued: July 2, 2015

Joseph A. Foster, attorney general (Susan P. McGinnis, senior assistant attorney general, on the brief and orally), for the State.

Stephanie Hausman, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

BASSETT, J. Following a jury trial in Superior Court (Vaughan, J.), the defendant, Steven P. Collins, was convicted on one count of aggravated felonious sexual assault (AFSA), RSA 632-A:2, III (2007), and two counts of felonious sexual assault (FSA), RSA 632-A:3, II (Supp. 2014). All three charges involved the same victim: the AFSA charge alleged a "pattern" of sexual assaults occurring on or between January 1, 2009, and November 30, 2009; and the two FSA charges alleged specific instances of sexual assault occurring within that same time period. On appeal, the defendant argues the trial court erred by: (1) denying the defendant's motion to dismiss the pattern AFSA

charge for insufficient evidence that the sexual assaults occurred "over a period of 2 months or more" as required by RSA 632-A:1, I-c (2007); (2) overruling the defendant's objection to the State's closing argument, which allegedly advocated for the use of a prior inconsistent statement as substantive evidence; and (3) imposing a sentence on one of the FSA convictions to run consecutively to the sentence on the pattern AFSA conviction in violation of the federal Double Jeopardy Clause. We affirm in part and vacate in part.

I

The jury could have found the following facts. In 2009, the victim, age fourteen, became acquainted with the defendant and his wife, Michelle Collins, through community dinners held by churches in the Lebanon area. Soon thereafter, the victim began visiting the defendant and his wife at their trailer home in Grafton. After several visits, the victim began spending the night at the Collinses' home.

During the first weekend that the victim spent with the Collinses, after Michelle Collins was asleep, the defendant led the victim outside and placed a blanket on the ground. He then removed their clothes, and had sexual intercourse with the victim on the blanket. Afterward, he told her not to tell anyone about what had happened because, if she did, he would get in trouble.

The victim testified that the defendant subsequently had sexual intercourse with her "many times." On each occasion, at night, the defendant led the victim outside, laid down the blanket, and had sexual intercourse with her. He then told the victim not to tell anyone.

In 2010, the victim informed her mother of the multiple incidents, and her mother then notified the police. The defendant was subsequently indicted on one count of AFSA and two counts of FSA. The AFSA indictment alleged "a pattern of sexual assault," by engaging in sexual intercourse with the victim on more than one occasion on or between January 1, 2009, and November 30, 2009. The FSA indictments alleged two discrete incidents, one during which the defendant engaged in sexual intercourse with the victim between January 1, 2009, and August 8, 2009, and another between August 9, 2009, and November 30, 2009.

During trial, at the end of the State's case, the defendant moved to dismiss the pattern AFSA charge, arguing that the State had introduced insufficient evidence of a "pattern of sexual assaults." The defendant asserted that the State had not demonstrated the assaults occurred "over a period of 2 months or more and within a period of 5 years" as required by statute. RSA 632-A:1, I-c. The court denied the motion.

2

The jury found the defendant guilty on all three charges. The court sentenced the defendant to ten to twenty years in prison on the pattern AFSA conviction, and three-and-one-half to seven years in prison on each FSA conviction, one running concurrently with, and the other running consecutively to, the pattern AFSA conviction. This appeal followed.

II

The defendant first argues that the State failed to produce sufficient evidence to prove that a pattern of sexual assaults occurred over a period of two months or more. See RSA 632-A:1, I-c. Under RSA 632-A:2, III, "[a] person is guilty of aggravated felonious sexual assault when such person engages in a pattern of sexual assault against another person, not the actor's legal spouse, who is less than 16 years of age." "Pattern of sexual assault" is defined as "committing more than one act under RSA 632-A:2 or RSA 632-A:3, or both, upon the same victim over a period of 2 months or more and within a period of 5 years." RSA 632-A:1, I-c (emphasis added).

"When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State." State v. Mayo, 167 N.H. ___, ___ (decided February 20, 2015) (quotation omitted). "It is the defendant who bears the burden of demonstrating that the evidence was insufficient to prove guilt." Id. (quotation omitted). "In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation." Id. (quotation omitted). "Further, the trier may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom." Id. "Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo." State v. Kay, 162 N.H. 237, 243 (2011).

The victim testified that the first time the defendant had sexual intercourse with her was in 2009, on the first occasion when she spent the weekend with the defendant and his wife. She was fourteen at that time. The victim testified to another instance of sexual intercourse that occurred on the day following the victim's middle school graduation dance. Although the defendant concedes that this "evidence leads to a reasonable conclusion that the assaults began in mid- to late June," he contends that the evidence supports the conclusion that the assaults "concluded in early or mid- August." Therefore, he argues, the evidence was insufficient for a rational trier of fact to find that the assaults were committed "over a period of 2 months or more"; in other words, that the evidence did not prove that an assault took place after mid-to-late August. We disagree.

3

The victim testified that the defendant had sexual intercourse with her "many times" during her visits. The victim also testified that she informed her mother of the assaults in November 2010, "roughly a year after" the assaults had stopped. Additionally, she testified that the defendant had sexual intercourse with her when it was cold outside. Michelle Collins testified it was "[m]ostly in the summer" when the victim visited. (Emphasis added.)

Taking the evidence and all reasonable inferences in the light most favorable to the State, a rational juror could have concluded that the assaults began in June 2009 and continued into at least September 2009. Accordingly, the defendant has failed to demonstrate that the trial court erred in denying his motion to dismiss.

III

Next, the defendant argues that the trial court erred when it overruled his objection to statements made by the State during its closing argument about an incident that occurred inside the trailer, and denied his request for a curative instruction. The victim testified that Michelle Collins had found her and the defendant naked in bed together. The State questioned Michelle Collins about the same incident, and she recalled the incident but testified that the defendant and the victim "were covered up." The State impeached her with a prior statement that she had given to the police, in which she said the two were naked. The trial court then allowed the State to have Michelle Collins read her prior statement to the jury. At that time, the trial court gave the jury a limiting instruction that it could use Michelle Collins's earlier statement only for the purpose of assessing her credibility.

> In its closing argument, the State said the following to the jury:
> [O]ne person didn't forget that detail about [the victim] and the Defendant being naked in the bed, and that was Michelle Collins, and that came thundering out during that first interview with [the police]. She said, in her words, "I saw them naked in the bed. Get you're a[****] dressed." Michelle Collins didn't forget that detail, and certainly the Defendant didn't either, because at the point in the interview he had to acknowledge that yes, indeed, she was there.

> So when [defense counsel] asked you to look at some of the inconsistencies that appeared in [the victim]'s testimony, I ask you to keep that in context as well. That is a huge fact that came out from the words of the Defendant's own wife.

The defendant objected immediately thereafter and requested that the trial court give a curative instruction to the effect that Michelle Collins's statement to the police was admitted only for impeachment purposes. The trial court

4

denied the defendant's request. On appeal, the defendant contends that the trial court erred in overruling his objection and failing to give a curative instruction.

The parties disagree as to the proper standard of review. The defendant argues that the trial court's statement outside the presence of the jury — that the jury could use the evidence "for whatever purpose they deem appropriate" — constitutes "legal error," and, therefore, that we are required to review the trial court's decision de novo. The State counters that the proper standard of review is whether the trial court sustainably exercised its discretion. We agree with the State.

It is well settled that "[t]he trial court is in the best position to determine what remedy will adequately correct the prejudice created by a prosecutor's remarks, and absent an unsustainable exercise of discretion, we will not overturn its decision." State v. Gaudet, 166 N.H. 390, 399 (2014). "To show that the trial court's decision is not sustainable, the defendant must demonstrate that it was clearly untenable or unreasonable to the prejudice of his case." State v. Mentus, 162 N.H. 792, 798 (2011) (quotation omitted).

The defendant argues that the State's statements during its closing argument were improper because, contrary to the limiting instruction given by the trial court during Michelle Collins's testimony, the State argued the truth of the prior statement that had been admitted solely for impeachment purposes. The State responds that the closing argument was ambiguous, and could reasonably be interpreted as arguing that Michelle Collins's statement — that she could not remember whether the defendant and victim were naked — was not credible. Alternatively, the State argues that the defendant has not demonstrated that the comments prejudiced him so as to warrant a new trial.

We need not decide whether the prosecutor's statements were improper or whether a curative instruction was warranted, because we agree with the State that the defendant has not demonstrated that the trial court's overruling of the defendant's objection and its refusal to give a curative instruction during closing argument prejudiced the defendant's case. See State v. Fischer, 143 N.H. 311, 321 (1999). Here, on two occasions the trial court gave limiting instructions regarding the jury's use of prior inconsistent statements. First, immediately before Michelle Collins read her statement to the jury, the trial court, at the defendant's request, instructed the jury that "[t]he material is to be used by you in determining the credibility of the witness and not necessarily the truthfulness of the statement that's made." Second, immediately preceding closing arguments, the trial court instructed the jury:

> If a witness made an inconsistent statement before trial, you may
> use that statement in deciding whether to believe that witness.
> You may not use the statement made before trial as proof that the

facts in the statement are true.  The statement made before trial is only to be used by you in deciding whether to believe a particular witness.

In addition, in its final instructions, the trial court stated:  "If the lawyers state the law differently from the law as I explain it to you, then you must follow my instructions and ignore the statements of the lawyers."  "[W]e assume the jury followed the trial court's instructions."  State v. Silva, 158 N.H. 96, 100 (2008).

Further, Michelle Collins's statement was cumulative of other evidence — the admissibility of which has not been challenged on appeal — that the defendant and the victim were naked in bed together.  Specifically, the victim testified that she and the defendant were naked in the bed.  Michelle Collins testified that she found the defendant and victim in bed together, and got angry and left.  The State also introduced a portion of the defendant's interview with the police, in which he admitted that he and the victim were alone in bed together, but stated that he was fully clothed and the victim was naked.

In light of the trial court's multiple instructions to the jury and the cumulative nature of the evidence regarding the incident, we conclude that the State's comments to the jury "did not so seriously prejudice the defendant's case as to warrant a new trial."  Fischer, 143 N.H. at 321.  Accordingly, the defendant has failed to demonstrate that the trial court's decision to overrule the defendant's objection and deny his request for a curative instruction was an unsustainable exercise of discretion.

IV

Finally, the defendant argues that, because the FSA conviction involved the same victim, the same location, the same type of sexual act, and occurred during the time period relating to the pattern AFSA conviction, the trial court violated his constitutional right to be free from double jeopardy when it imposed a sentence on one of the FSA convictions to run consecutively to the sentence of the pattern AFSA conviction.  The State counters that the defendant's right to be free from double jeopardy was not violated because the victim testified to at least six distinct acts, and the proof required to sustain the conviction on the pattern AFSA charge was not necessarily the same as that required to sustain the FSA conviction.

On appeal, the defendant raises his double jeopardy challenge only under the Federal Constitution.  "The Double Jeopardy Clause of the Federal Constitution provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'"  State v. Richard, 147 N.H. 340, 342 (2001) (quoting U.S. CONST. amend. V).  "It protects a defendant's rights in three ways:  First, it protects against a second prosecution for the same offense after an acquittal.  Second, it protects against a second prosecution for the

6

same offense after a conviction.  Third, it protects against multiple punishments for the same offense."  Id. (quotation omitted).  The defendant asserts a violation of the third category of protection.  "The issue of double jeopardy presents a question of constitutional law, which we review de novo."  State v. Carr, 167 N.H. ___, ___, 110 A.3d 829, 838 (2015).

At the outset, we note that the State concedes that it would violate the defendant's right to be free from double jeopardy if he were convicted of two discrete acts of FSA, and also convicted of a pattern AFSA that relies upon the same discrete acts to constitute the pattern.  In light of this concession, we need not inquire as to whether the legislature intended that a defendant be punished for a pattern AFSA as well as the discrete instances of sexual assault comprising the pattern, and, if so, whether those multiple punishments would violate the federal Double Jeopardy Clause.  See, e.g., Garrett v. United States, 471 U.S. 773, 777-95 (1985) (analyzing Congressional intent in creating the separate offense of "continuing criminal enterprise," and whether punishment for both that offense and its predicate offenses violates the Double Jeopardy Clause); United States v. Grayson, 795 F.2d 278, 280-83 (3d Cir. 1986) (undertaking same analysis for a Racketeer Influenced and Corrupt Organization (RICO) offense).  Nonetheless, the State argues that the situation here — when the trial court sentenced a defendant on a conviction of a discrete act of sexual assault and a pattern AFSA in which the jury might have used a charged discrete act as a basis for the pattern AFSA conviction — presents a different question, and that a different conclusion necessarily follows.  We are not persuaded.

In State v. Fortier, we rejected the argument that the trial court violated the defendant's right to be free from double jeopardy by sentencing him on convictions for discrete acts of sexual assault and pattern AFSA convictions, which involved the same victims, during common time periods.  State v. Fortier, 146 N.H. 784, 792-93 (2001).  The Fortier trial court instructed the jury that the State must prove "the pattern of sexual assault in each of those pattern sexual assault indictments by acts other than the individual acts which are set forth in any of the other individual indictments."  Id. at 793 (quotation and ellipsis omitted; emphasis added).  We concluded that, in light of this instruction, the jury "could not have rendered guilty verdicts on the pattern indictments by relying upon any individual sexual assault charged in the FSA indictments."  Id.

Similarly, in State v. Hannon, 151 N.H. 708 (2005), the defendant argued that his right to be free from double jeopardy was violated because a pattern AFSA indictment and indictments alleging discrete acts of sexual assault involved the same victim, location, and type of sexual assault, during overlapping time frames.  Id. at 710.  We concluded that indicting and prosecuting the defendant on these charges did not violate his right to be free from double jeopardy because each charge required proof that the other did

7

not. Id. at 713-15. We further held that, in light of the fact that at trial the defendant had objected to a jury instruction that would have required the jury to consider the evidence of the discrete act charges separately from the pattern charge, sentencing the defendant on the three charges did not violate the defendant's rights. Id. at 715.

Unlike the defendant in Hannon, who objected to a jury instruction similar to the one given in Fortier, the defendant here requested a Fortier instruction. The trial court denied his request. In the absence of such a jury instruction, we have no way of knowing whether the defendant is being punished twice for the same act. Accordingly, since we cannot exclude the possibility that the defendant has been subjected to multiple punishments for the same act, and because a Fortier instruction was not given to the jury in this case, we conclude that the defendant's rights under the Double Jeopardy Clause of the Federal Constitution were violated.

The defendant has requested only that we vacate the consecutive sentence imposed for one of the FSA convictions. He has not asked that we vacate the sentence imposed for the other FSA conviction nor that we vacate the FSA convictions themselves. Accordingly, we vacate only the sentence on the FSA conviction which was imposed to run consecutively to the AFSA sentence.

Affirmed in part; and vacated in part.

DALIANIS, C.J., and HICKS, CONBOY, and LYNN, JJ., concurred.

8