# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0239, <u>State of New Hampshire v. John P. Stacy</u>, the court on March 31, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, John Paul Stacy, appeals his conviction, following a jury trial, on one count of burglary.  <u>See</u> RSA 635:1, I (2007) (amended 2014).  He argues that the Superior Court (<u>Schulman</u>, J.) erred in:  (1) finding the evidence sufficient to prove burglary; and (2) failing to strike certain statements in the prosecutor's closing argument.

The defendant first argues that the evidence was insufficient to prove that he committed burglary.  "When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State."  <u>State v. Francis</u>, 167 N.H. 598, 604 (2015).  "It is the defendant who bears the burden of demonstrating that the evidence was insufficient to prove guilt."  <u>State v. Thelusma</u>, 167 N.H. 481, 487 (2015) (quotation omitted).  "In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation."  <u>Id</u>. (quotation omitted).  "Further, the trier may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom."  <u>Id</u>. (quotation omitted).

Viewed in the light most favorable to the State, <u>see</u> <u>Francis</u>, 167 N.H. at 604, the jury was entitled to find the following facts.  In 2013, the forty-year-old defendant was living with his parents.  In November 2013, his father was admitted to the hospital, and in December 2013, his mother obtained a protective order against the defendant.  The order prohibited the defendant from entering his parents' house unless accompanied by a peace officer, and only upon reasonable notice to his mother and for the purpose of retrieving his personal property.  On December 12, 2013, a police officer served the protective order on the defendant and "went through" it "line by line."

On January 4, 2014, the defendant asked a friend to drive him to his parents' house to retrieve some clothes.  When they arrived, no one was home.

The friend parked in the driveway and waited in the car while the defendant entered the house through a garage door. Within five minutes, the defendant emerged from the house with a garbage bag containing clothes and a strongbox containing his father's coin collection. The defendant asked his friend to drive him to a pawn shop. He told the friend that the box "was his," but that he was "popping [the lock] with a knife" because he "lost the key." After several minutes, the defendant was able to pry the strongbox open with the knife. He "pulled . . . some coins out of the bag" inside the box and told his friend that they were "what he was looking for" and "what he wanted to bring to the pawn shop." The defendant left the coins with the pawn shop as collateral for a $400 loan. Under the terms of the loan, the proprietor could sell the coins if the defendant failed to pay the $400 plus interest and a fee within thirty days.

After the defendant left the pawn shop, he admitted to his friend that the coins belonged to his father. The friend told the defendant that what he did "was wrong." She left the defendant at the home of a mutual friend. The defendant left the strongbox, some documents contained in it, and the bag of clothes in the friend's car. The friend returned to the defendant's parents' house, showed the mother the strongbox and empty coin bag, and told her what happened.

"The crime of burglary consists of two elements: (1) unauthorized entry; and (2) an intent to commit a crime therein." State v. Zubhuza, 166 N.H. 125, 129-30 (2014) (quotation omitted); see RSA 635:1, I. The defendant argues that the evidence was insufficient to prove that, when he entered the house, he intended to commit a theft inside. A defendant's intent often must be proven by circumstantial evidence. Id. at 130. "When the evidence is solely circumstantial, it must exclude all reasonable conclusions except guilt." Id. (quotation omitted). However, in reviewing the sufficiency of circumstantial evidence, we do not determine whether another possible hypothesis that has been suggested by the defendant could explain the events in an exculpatory fashion. Id. Rather, we evaluate the evidence in the light most favorable to the State and determine whether the alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. Id.

The defendant argues that there were three reasonable, alternative hypotheses that the evidence failed to exclude. First, he may have entered the house intending to retrieve only his clothes and then decided, after entering, to take the coin collection. Second, his father may have given him permission to take the coin collection. Third, even if he entered the house intending to use the coin collection as collateral for a loan without his father's permission, he could have intended to pay the loan, retrieve the coins, and return them to his father. See RSA 637:2, III (Supp. 2015) (defining "purpose to deprive" under the theft statute, as applicable here, to require the conscious object to withhold

2

property "permanently" or to dispose of it "under circumstances that make it unlikely that the owner will recover it").

The defendant entered the house without a peace officer, in violation of the protective order. His stated reason for entering the house was to retrieve clothing. However, after pawning the coin collection, he left the clothing in his friend's car. There is no evidence that the defendant asked his father for permission to take the coins. He lied to his friend by telling her that the strongbox belonged to him. Finally, even if the defendant had the financial means to pay the loan and retrieve the coins from the pawn shop, the evidence, construed most favorably to the State, does not suggest that he intended to return the coins to his father. We conclude that a rational jury could have found that, at the time the defendant entered the house, he intended to steal the coins and that the defendant's alternative hypotheses were not reasonable. See Zubhuza, 166 N.H. at 131.

The defendant next argues that the trial court erred in failing to strike improper statements in the prosecutor's closing argument. We review the trial court's ruling on the propriety of closing argument under our unsustainable exercise of discretion standard. State v. Collins, 168 N.H. 1, 6 (2015). "To show that the trial court's decision is not sustainable, the defendant must demonstrate that it was clearly untenable or unreasonable to the prejudice of his case." Id. (quotation omitted).

At trial, a police officer testified that, during the investigation, he spoke with the defendant's father, who passed away on May 17, 2014, prior to trial. The court sustained the defendant's objection to the admission of any statements the father made to the officer. In the prosecutor's closing, he argued:

> Now, this issue with permission, about whether or not somebody gave [the defendant] permission, it's unfortunate that [the father] is not here because we don't know what he would say. But what you do know is that [the father] talked to [the police officer]. They had a conversation at some point. We don't know what they talked about, but what we do know is that we're all still here and that the investigation continued after that point.
>
> The standard is proof beyond a reasonable doubt, and that means exactly what it sounds like. Use your reason and use your common sense. If he had been given permission, do you really think we'd all be here today? If he had been given permission, when [the father] talked to [the officer], don't' you think –

The defendant objected, arguing that the prosecutor was asking the jury to speculate as to what the father may have said, evidence that was not in the

3

record.  The court overruled the objection, concluding that the prosecutor was asking the jury to make a reasonable inference from the evidence.

Following a sidebar conference, the prosecutor resumed his argument as follows:

> As I was saying, use your common sense when you're thinking about this.  Think about if [the defendant] had been given permission, does it make any sense that we're all still here today, that all of these witnesses testified today, that this investigation continued, and that we're all here today?  That doesn't make sense.

The defendant argues that the State's argument improperly implied that his father told the officer that he did not give the defendant permission to take the coin collection.  The State may not ask the jury to base its decision upon evidence not in the record.  State v. Scott, 167 N.H. 634, 641 (2015).  "However, a prosecutor may draw reasonable inferences from the facts proven and has great latitude in closing argument to both summarize and discuss the evidence presented to the jury and to urge them to draw inferences of guilt from the evidence."  Id. at 641-42 (quotation omitted).  We conclude that the prosecutor did not ask the jury to base its decision upon evidence not in the record; rather, he asked the jury to draw reasonable inferences from the evidence.  See id.  Thus, we conclude that the defendant has failed to show that the trial court unsustainably exercised its discretion in overruling his objection to the prosecutor's argument.  See Collins, 168 N.H. at 6.

The defendant also argues that the trial court's decision to allow the prosecutor's argument violated the presumption of innocence and his right to be confronted with adverse witnesses, rights guaranteed by the state and federal constitutions.  The State argues that the defendant failed to preserve his constitutional issues because he did not raise them in the trial court.  When the defendant raises a constitutional claim, it must be brought to the attention of the trial court to preserve the issue for appeal.  State v. Winstead, 150 N.H. 244, 246 (2003).  The defendant concedes that he did not cite the state or federal constitutions in his objection.  He asserts, nevertheless, that he sufficiently alerted the trial court to his constitutional issues.  However, as the State argues, the defendant's objection referred neither to case law nor to constitutional rights.  Nothing alerted the trial court that the basis for his objection was the presumption of innocence or his right to confront adverse witnesses.  Accordingly, we agree with the State that the constitutional issues are not preserved.  See State v. Ericson, 159 N.H. 379, 387 (2009).

The defendant argues that even if the constitutional grounds for the objection were not preserved, the court's failure to strike the argument as violative of the presumption of innocence and his confrontation rights

4

constituted plain error. Under the plain error rule, we may consider errors not raised in the trial court. State v. Rawnsley, 167 N.H. 8, 11 (2014). "The rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result." Id. For us to find plain error, the defendant must establish, among other requirements, that the error affected substantial rights. See id. "Generally, to satisfy the burden of demonstrating that an error affected substantial rights, the defendant must demonstrate that the error was prejudicial, i.e., that it affected the outcome of the proceeding." State v. Mueller, 166 N.H. 65, 70 (2014) (quotation omitted). "We will find prejudice . . . when we cannot confidently state that the jury would have returned the same verdict in the absence of the error." Id.

The defendant argues that the trial court's failure to strike the prosecutor's argument was prejudicial because the prosecutor acted deliberately, and he repeated the argument after the defendant's objection and sidebar conference, which "signaled to the jury that the State's argument was proper." Moreover, he argues, the court gave no cautionary instruction. However, immediately following the State's closing, the court gave its final instructions to the jury, which included the instruction that:

> First of all, the fact that the Defendant has been arrested, charged and brought to stand trial is not evidence of guilt. . . . In your deliberations, you must not consider the Defendant's arrest, indictment or information or the fact that he's been brought to trial as evidence.

The court also instructed the jury that, "Under our constitutions, all Defendants in criminal cases are presumed to be innocent unless proven guilty beyond a reasonable doubt." We presume the jury followed the court's instructions. State v. Willis, 165 N.H. 205, 225 (2013).

In light of the strength of the State's case, the reasonableness of the contested inference, and the court's final instructions to the jury, we conclude that the defendant has failed to show that the trial court's error, if any, in failing to strike the prosecutor's argument affected the outcome of the proceedings. Accordingly, we conclude that the defendant has failed to establish plain error. See Mueller, 166 N.H. at 70.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

5