NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Grafton
No. 2019-0407

STATE OF NEW HAMPSHIRE

v.

MELANIE PARRY

Argued: October 20, 2020
Opinion Issued: January 27, 2021

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.

Gordon J. MacDonald, attorney general (Danielle H. Sakowski, senior assistant attorney general, on the brief and orally), for the State.

DONOVAN, J. The defendant, Melanie Parry, appeals her conviction, following a jury trial in the Superior Court (Bornstein, J.), on one count of possession of a controlled drug. See RSA 318-B:2, I (2017). She argues that: (1) the trial court erred by denying her requested jury instruction on the voluntary-act requirement set forth in RSA 626:1 (2016); and (2) the prosecutor's statement during closing argument that voluntariness is not an element of possession was contrary to the law. We affirm, concluding that a voluntariness instruction is not necessary unless there is some evidence suggesting that the defendant's conduct was involuntary. We further conclude that, because no such evidence was presented in this case, the defendant was not entitled to an instruction on RSA 626:1 and the prosecutor's statement was not contrary to the law.

## I. Facts

The jury could have found the following facts. On the evening of August 18, 2015, the defendant was the front-seat passenger in a vehicle being operated by another person. After observing the vehicle swerve in and out of its lane, an officer with the Lebanon Police Department signaled the driver to stop. Upon approaching the vehicle, the officer noticed an odor of marijuana and observed that the driver appeared nervous. The officer also noted that when he began questioning the vehicle's occupants about the odor of marijuana, the defendant immediately grabbed her purse, which had been sitting next to her, "almost like hugging it in fear." The officer then asked if he could search the vehicle. The driver consented.

The officer also asked if he could search the defendant's purse, believing that it contained contraband. Initially, the defendant denied possessing any illegal items in her purse, but she subsequently agreed to allow the officer to search her purse. Inside the purse, the officer located a crack pipe, a marijuana pipe, and two substances that the officer believed to be heroin and crack cocaine. The defendant stated that she suffered from heroin addiction and that the heroin-like substance belonged to her. The defendant did not admit or deny ownership of the cocaine-like substance. Laboratory testing of the substance believed to be heroin established that the substance was not, in fact, heroin or any other controlled drug. However, laboratory testing revealed the other substance to be crack cocaine. Consequently, the defendant was charged with one count of possession of crack cocaine.

At trial, the defendant submitted, in her opening statement and closing argument, that her possession of the crack cocaine was involuntary because it was possible that the driver placed the contraband in her purse without her consent moments before the stop. Based upon this argument, the defendant requested that the trial court read the text of RSA 626:1 to the jury, which requires a voluntary act for every criminal offense. The trial court denied the request, explaining that "if the jury [finds] beyond a reasonable doubt the four elements of the alleged offense as instructed, or as set forth in the instructions, the jury will, under [RSA 626:1, II], necessarily have found that . . . such possession was a voluntary act."

During closing argument, defense counsel told the jury that "[p]ossession has to be knowing and voluntary." Defense counsel then attempted to link the voluntary-act requirement to the elements of custody and control, arguing that the State could not prove the elements of possession if the driver placed the contraband in her purse without her consent moments before the stop. During the State's closing argument, the prosecutor offered the following response to the defendant's argument: "Just the fact that you know about it or are near it isn't possession. It's what you do with it once you know about it. But also remember the elements of this case. Voluntary is not an element. It is custody

and control." The defendant objected, arguing that the prosecutor's statement was "contrary to the law," and requested a curative instruction on RSA 626:1. The trial court overruled the objection and denied the request, reiterating that "if the State proves possession as the jury is instructed on it, they will necessarily have proved it was voluntary." The jury found the defendant guilty. This appeal followed.

## II. Analysis

The defendant first argues that the trial court's instructions on possession failed to adequately inform the jury of the voluntary-act requirement, and, therefore, the trial court erred by rejecting her initial proposed instruction on RSA 626:1. The State, on the other hand, argues that the proposed instruction was unnecessary because the trial court's instructions on the statutory elements of possession adequately addressed the voluntary-act requirement. We agree, in part, with the State. The proposed instruction on voluntariness was unnecessary, not because the trial court's instructions adequately addressed the issue, but because there was insufficient evidence presented to the jury to support a rational finding that the defendant's possession of the contraband was involuntary. See State v. Larose, 157 N.H. 28, 36-38 (2008) (upholding the trial court's decision denying the defendant's request for an entrapment instruction because the defendant failed to produce sufficient evidence supporting his entrapment defense).

The purpose of the trial court's jury instructions is to state and explain to the jury, in clear and intelligible language, the rules of law applicable to the case. State v. Gingras, 162 N.H. 633, 638 (2011). When reviewing jury instructions, we evaluate allegations of error by interpreting the disputed instructions in their entirety, as a reasonable juror would have understood them, and in light of all the evidence in the case. Id. We determine if the jury instructions adequately and accurately explain each element of the offense, and we reverse only if the instructions did not fairly cover the issues of law in the case. Id. The necessity, scope, and wording of jury instructions generally fall within the sound discretion of the trial court, and we review the trial court's decisions on these matters for an unsustainable exercise of discretion. Id. To show that the trial court's decision is unsustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of her case. State v. Rice, 169 N.H. 783, 790 (2017).

We now turn to the merits of the defendant's argument. The trial court instructed the jury, consistent with the statutory elements of possession, that:

> The definition of the crime of possession of a controlled drug has four parts or elements. The State must prove each element beyond a reasonable doubt. Thus, the State must prove that, first, the Defendant had the drug under her custody and control and,

3

second, the Defendant knew that the drug was in her vicinity and, third, the Defendant knew that the drug found was a controlled drug, that is crack cocaine, and, fourth, the drug found was in fact crack cocaine.

See State v. Francis, 167 N.H. 598, 604 (2015) (outlining the statutory elements of possession of a controlled drug). The trial court further instructed the jury that:

> In deciding whether the Defendant had custody and control over the drug, you should consider where the drug was found, the Defendant's control over the place where the drug was found, and any other evidence presented. If you decide that the evidence only proves that the Defendant was present where the drug was found, then the State has not proven custody and control. If you decide that the evidence only shows that the Defendant knew where the drug was but exercised no control over the drug, then the State has not proven custody and control.

> However, the State does not have to prove that the drug was found on the Defendant's person to prove custody and control. It is sufficient if the drug was found in a place over which the Defendant exercised control and the Defendant knew what the drug was and that it was there. It is possible for more than one person to have custody and control of the drug. You do not have to find that the Defendant had exclusive custody and control of the drug.

> . . . .

> Part of the definition of the crime of possession of a controlled drug is that the defendant acted knowingly. A person acts knowingly when she is aware of the nature of her conduct or the circumstance under which she acted. The State does not have to prove that the defendant specifically desired or intended a particular result. What the State must prove is that the defendant was aware of the nature of her conduct or the circumstance under which she engaged in the conduct.

> Whether the defendant acted knowingly is a question of fact for you to decide.

On appeal, the defendant argues that the statutory elements of possession, as defined by the trial court's instructions, do not fully encompass the voluntary-act requirement. RSA 626:1, I, states that "[a] person is not

4

guilty of an offense unless his criminal liability is based on conduct that includes a voluntary act or the voluntary omission to perform an act of which he is physically capable." RSA 626:1, II further states that "[p]ossession is a voluntary act if the possessor knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." We consider the voluntary-act requirement "a matter of fundamental criminal law," State v. Starr, 170 N.H. 106, 108 (2017) (quotation omitted), but we have never held that a jury instruction concerning the voluntariness of a defendant's conduct is necessary in every criminal case, and we decline to so conclude here.

In most cases, a defendant in possession of a controlled drug will have "knowingly procured or received" the drug within the meaning of RSA 626:1, II. See Baird v. State, 604 N.E.2d 1170, 1176 (Ind. 1992) ("In most cases there is no issue of voluntariness and the State's burden is carried by proof of commission of the act itself."); see also Webster's Third New International Dictionary 1809 (unabridged ed. 2002) (defining "procure" as "to get possession of by particular care or effort"); id. at 1894 (defining "receive" as "to take possession . . . of"). However, this observation may not apply in every case. If evidence is presented at trial that a defendant did not choose to procure or receive the contraband — for example, because another person placed it in the defendant's possession without consent — and if evidence supports a conclusion that a defendant was not aware of his or her control of the contraband for a sufficient period to have been able to terminate his or her possession, the defendant's possession could be involuntary. See State v. Daoud, 141 N.H. 142, 146 (1996) (explaining that RSA 626:1 precludes criminal liability when "the defendant did not choose to commit the charged crime"); 21 Am. Jur. 2d Criminal Law § 124, at 229 (2008) (stating that "physical movements are not voluntary if they are the nonvolitional result of someone else's act"); see also Model Penal Code & Commentaries, § 2.01 note, at 213 (1985) ("[I]f the actor was aware of his control for a sufficient period to have been able to terminate his possession, his conduct will have included an omission to perform an act of which he was physically capable.").

We conclude that, in certain circumstances, the statutory elements of possession of a controlled drug are not coterminous with RSA 626:1, II. See State v. Colcord, 109 N.H. 231, 234 (1968) (stating that the defendant's act of handing a box of marijuana to the police evidenced "her possession and control of it," but was alone insufficient to support a conviction of possession). Given this conclusion, an instruction on RSA 626:1 is warranted in a drug possession case, but only when some evidence suggests that the defendant's possession was involuntary. See State v. Almaguer, 303 P.3d 84, 91 (Ariz. Ct. App. 2013) (explaining that "[a]n instruction that the state must prove the defendant committed a voluntary act is appropriate only if there is evidence to support a finding" that the defendant acted involuntarily); State v. Pierson, 514 A.2d 724, 728 (Conn. 1986) (stating that jury instructions omitting reference to

5

Connecticut's voluntary-act requirement are not "constitutionally defective" when, as relevant here, "the evidence at trial contains no suggestion that the defendant's conduct was involuntary"); Wyant v. State, 458 P.3d 13, 18 (Wyo. 2020) (observing that the weight of authority in other states establishes that "a voluntariness instruction is not necessary unless there is evidence suggesting the defendant's conduct was not voluntary"); see also Larose, 157 N.H. at 33 ("'Some evidence' means more than a minutia or a scintilla of evidence. To be more than a scintilla, evidence cannot be vague, conjectural, or the mere suspicion about the existence of a fact, but must be real and of such quality as to induce conviction." (quotation omitted)).

Here, the evidence supporting the defendant's argument that her possession was involuntary was based upon mere conjecture and suspicion. At trial, the arresting officer testified that, just before the stop, he observed the driver swerving the vehicle in and out of its lane. The officer also hypothesized that, in his experience, "sometimes people are reaching for . . . something in their car, and they . . . may swerve a little bit." This testimony merely invites a suspicion supporting the defendant's argument; it fails to induce a rational conviction that the driver swerved the vehicle while attempting to conceal contraband in the defendant's purse without her consent. Moreover, the defendant admitted that she suffered from heroin addiction, and that the heroin-like substance belonged to her; she never denied knowledge or ownership of the crack cocaine or the crack pipe found in her purse. Nor did she make any effort to terminate or disavow ownership of the contents of her purse. Instead, she grabbed her purse and began clutching it to her chest once the officer began questioning her and the driver about drugs.

In addition, the defendant initially lied to the officer when first questioned as to whether her purse contained any illegal contraband. Accordingly, we conclude that the evidence presented at trial did not constitute "some evidence" suggesting that the defendant possessed the contraband involuntarily. See Larose, 157 N.H. at 33.

Therefore, the trial court did not unsustainably exercise its discretion by refusing to provide the requested instruction concerning the defendant's voluntary possession of the contraband. Although the trial court denied the defendant's request on a different basis, we may uphold a trial court's discretionary decision when it reached the right result for the wrong reason. See State v. Hayward, 166 N.H. 575, 583 (2014). As explained above, given the paucity of evidence supporting the defendant's argument, there was but one path the trial court could have taken, as a matter of law, without unsustainably exercising its discretion. See id. at 584.

We next address the defendant's argument that her conviction must be overturned because: (1) during its closing argument, the State misstated the law concerning the elements of possession of a controlled drug; and (2) the trial

6

court erred by refusing to provide the jury with a curative instruction. "A prosecutor has great latitude in closing argument to both summarize and discuss the evidence presented to the jury and to urge the jury to draw inferences of guilt from the evidence." State v. DiNapoli, 149 N.H. 514, 520 (2003) (quotation and ellipsis omitted). However, prosecutors are not free to misstate the law during closing argument. See State v. Watkins, 148 N.H. 760, 769 (2002) (concluding that a curative instruction "would have been appropriate" where the prosecutor "blatantly misstated the law" during closing argument). "The trial court is in the best position to determine what remedy will adequately correct the prejudice created by a prosecutor's remarks, and absent an unsustainable exercise of discretion, we will not overturn its decision." State v. Gaudet, 166 N.H. 390, 399 (2014) (quotation omitted). To show that the trial court's decision is unsustainable, the defendant must demonstrate that it was clearly untenable or unreasonable to the prejudice of her case. State v. Collins, 168 N.H. 1, 6 (2015).

Here, the defendant complains that the State misrepresented the elements of the charged offense when the prosecutor argued at closing: "Just the fact that you know about [a controlled drug] or are near it isn't possession. It's what you do with it once you know about it. But also remember the elements of this case. Voluntary is not an element. It is custody and control." We disagree with the premise of the defendant's argument. The State's closing argument did not misrepresent or misstate the law, as applied to the facts presented to the jury here. The voluntariness of a defendant's conduct is not, per se, an element of possession of a controlled drug, see Francis, 167 N.H. at 604, and "[v]oluntariness of criminal conduct is not a fact that the state must prove in every case; rather, the state need not prove voluntariness unless the evidence raises the issue, in which case the state must disprove involuntariness beyond a reasonable doubt." 21 Am. Jur. 2d Criminal Law, supra § 124, at 229. As we have explained, the evidence presented to the jury did not constitute "some evidence" suggesting that the defendant's possession was involuntary and, thus, the State was not required to prove that the defendant's possession of the crack cocaine was voluntary. Accordingly, the State's closing argument did not misstate or misrepresent the law, as applied to this case, and the trial court did not unsustainably exercise its discretion when it refused to issue a curative or cautionary instruction.

## III.  Conclusion

For the reasons stated above, we affirm the defendant's conviction. We consider waived any issues that the defendant raised in her notice of appeal, but did not brief. See State v. Bazinet, 170 N.H. 680, 688 (2018).

Affirmed.

HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

7