NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Strafford
No. 2016-0426

THE STATE OF NEW HAMPSHIRE

v.

SHAWN PLANTAMURO

Argued: October 12, 2017
Opinion Issued: September 7, 2018

Gordon J. MacDonald, attorney general (Sean R. Locke, assistant attorney general, on the brief and orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.

HANTZ MARCONI, J. The defendant, Shawn Plantamuro, appeals his convictions, following a jury trial, on two counts of aggravated felonious sexual assault, see RSA 632-A:2, I(l), II (2016), one count of felonious sexual assault, see RSA 632-A:3, III (2016), and one count of felony indecent exposure and lewdness, see RSA 645:1, II(a) (Supp. 2014) (amended 2015). On appeal, he argues that the Superior Court (Houran, J.) erred by: (1) excluding "evidence about the circumstances of" the victim's disclosure of the assaults to her mother; and (2) prohibiting the defendant's ex-wife from testifying that he "is sexually attracted to women, not to children." We affirm.

I

The record reflects the following facts.  In May 2016, the defendant was convicted of sexually abusing the victim, who was born in 2007.  At the time of the abuse, which occurred between 2012 and 2014, the victim and her mother lived in the same neighborhood as the defendant.  The victim would often go to the defendant's house to visit him and his mother.  The victim testified that the assaults took place in the defendant's bedroom, which was, essentially, a porch converted into a bedroom.  The victim testified that the defendant showed her videos in which "[r]eal people" were "naked and . . . having sex"; she also testified that the defendant told her that he was "going to do this to [her] one day."  According to the victim, the defendant subsequently engaged in sexual activity with her and masturbated in front of her.  She testified that this activity occurred on four occasions.

The victim and her mother moved away from the defendant's neighborhood in early 2014.  On June 15, 2014, the victim disclosed the defendant's behavior to her mother.  The jury did not learn the circumstances or content of this disclosure, which are described below, because the trial court excluded this evidence on hearsay and relevance grounds.

After the disclosure, the police obtained authorization to record a telephone conversation between the victim's mother and the defendant, see RSA 570-A:2, II(d) (2001), during which she confronted him with the victim's allegations.  Unaware that the conversation was being recorded, the defendant denied molesting the victim but admitted allowing her to watch "Japanese animation" videos that depicted "the whole nine yards," including "boobs," "penetration," and "intercourse."  This recorded telephone conversation was played for the jury.  The defendant testified at trial and denied that he had molested the victim.  On cross-examination, he admitted that, in his presence, the victim watched animated videos that were "inappropriate" and that "probably" depicted intercourse.  The trial court dismissed two counts not relevant to this appeal, and the jury convicted the defendant on the remaining four counts.

II

The defendant raises two issues on appeal, both of which relate to the trial court's evidentiary rulings.  First, he argues that the trial court erred by excluding "evidence about the circumstances of" the victim's disclosure of the abuse to her mother in June 2014.  Second, he argues that the trial court erred when it ruled that State v. Graf, 143 N.H. 294 (1999), precluded him from offering character evidence, in the form of opinion testimony from his ex-wife, that he "is sexually attracted to women, not to children."  We set forth our standard of review before addressing each argument in turn.  We also note

2

that, in addressing these arguments, we apply the rules of evidence in effect at the time of the defendant's 2016 trial.  See State v. Holmes, 159 N.H. 173, 175 (2009) (interpreting version of evidence rule in effect at time of trial).

The trial court has broad discretion to determine the admissibility of evidence, and we will not upset its ruling absent an unsustainable exercise of discretion.  State v. Milton, 169 N.H. 431, 435 (2016).  To demonstrate an unsustainable exercise of discretion, the defendant must show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case.  Id.  In applying our unsustainable exercise of discretion standard of review, we determine only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made.  State v. Letarte, 169 N.H. 455, 461 (2016).  Our task is not to determine whether we would have found differently, but is only to determine whether a reasonable person could have reached the same decision as the trial court on the basis of the evidence before it.  Id.  The defendant bears the burden of demonstrating that the trial court unsustainably exercised its discretion.  See State v. Costella, 166 N.H. 705, 714 (2014).

III

The defendant first challenges the trial court's decision to exclude "evidence about the circumstances of" the victim's disclosure of the abuse to her mother in June 2014.  We construe the defendant's brief as challenging the exclusion of the following: (1) evidence that the victim engaged in masturbatory activity; and (2) statements made by the victim and her mother on June 15, 2014 (June 15th conversation), during which the mother asked the victim about her masturbatory behavior and the victim disclosed the defendant's sexual abuse.  The trial court ruled that the statements made during the June 15th conversation constituted inadmissible hearsay.  The court excluded the masturbation evidence on relevance grounds.  The court also ruled that the victim's masturbatory behavior was "territory" covered by the rape shield law. See RSA 632-A:6, II (2016); N.H. R. Ev. 412.

On appeal, the defendant challenges the trial court's hearsay and relevance rulings, as well as its application of the rape shield law.  The State contends that the defendant's hearsay and rape shield law arguments are not preserved for our review.  To resolve the State's preservation challenge, and to evaluate the merits of the defendant's preserved argument(s), we must examine how these issues were presented to the trial court, the parties' arguments to the trial court, and the trial court's rulings.  See State v. Wilson, 169 N.H. 755, 768 (2017).

A

The following information concerning the victim's disclosure was available to the trial court at the time it made the rulings pertinent to this appeal. See State v. Addison (Capital Murder), 165 N.H. 381, 419 (2013) ("[W]e review the propriety of the trial court's pretrial rulings in the context in which evidentiary disputes were presented to the court."); cf. State v. Gordon, 161 N.H. 410, 414 (2011) ("Because the trial court ruled upon the admissibility of the challenged evidence before trial, we consider only the offers of proof presented at the pretrial hearing.").

Beginning at an unspecified point in time, the victim's mother observed the victim engaging in masturbatory behavior. There is no suggestion in the record that the victim's mother confronted the victim about this behavior or otherwise broached this subject when the mother observed the behavior.

Prior to the disclosure, the victim attended a sleep-over. While there, a friend of the victim's mother observed the victim rubbing herself and later reported this behavior to the victim's mother. On June 15, 2014, the victim's mother spoke with the victim about why she had been putting her hands down her pants. The victim told her mother that "[i]t felt good." When the victim's mother asked the victim who showed her how to do that, or something to that effect, the victim replied, "Shawn showed me." During the ensuing conversation with her mother, the victim disclosed that the defendant had been showing her movies with naked people in them, as well as touching her inappropriately and making her touch his penis.

Before trial, the court ruled that the statements made by the victim and her mother during the June 15th conversation were not admissible because they constituted hearsay. Hearsay is defined as "an out-of-court statement offered in evidence to prove the truth of the matter asserted in the statement." State v. Bennett, 144 N.H. 13, 17 (1999) (quotation omitted); see N.H. R. Ev. 801(c) (amended 2017). "Hearsay evidence is generally inadmissible, subject to certain well-delineated exceptions." State v. Munroe, 161 N.H. 618, 626 (2011). In ruling that the statements made during the June 15th conversation constituted inadmissible hearsay, the trial court identified the State as the anticipated proponent of this evidence. The court also appeared to assume that the State planned to offer these statements for the truth of the matter asserted therein. Cf. State v. Reinholz, 169 N.H. 22, 28 (2016) ("If a statement is not offered to prove its truth, but is offered for some other reason, it is not hearsay.").

In the same pretrial order, the court also ruled that evidence of the victim's masturbatory behavior was not admissible because it was not relevant. See N.H. R. Ev. 402 (amended 2017) ("Evidence which is not relevant is not

4

admissible."). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. Ev. 401 (amended 2017). The trial court determined that evidence of the victim's masturbation would be relevant only to explain the June 15th conversation between the victim and her mother. The court concluded, therefore, that the relevance of the masturbation evidence depended upon the admissibility of the statements made during the June 15th conversation. Because the court ruled that these statements were not admissible, it excluded the masturbation evidence on the basis of relevance. It noted, however, that the evidence "could become relevant, should, for example, [the victim's] or her mother's direct testimony place that evidence at issue."

During trial, the court sustained the State's objections to the defendant's attempts to elicit testimony about the victim's masturbatory behavior. The court also denied the defendant's mid-trial motion to admit certain evidence, which it treated as a motion to reconsider its relevance ruling. The court reaffirmed its pretrial ruling that the masturbation evidence was not relevant. The court also ruled that the State had not made this evidence relevant through its questioning of witnesses or its opening statement. In the course of doing so, the court ruled that the victim's masturbatory behavior was "territory" covered by the rape shield law.

B

On appeal, the defendant argues that the trial court erred by excluding (1) evidence that the victim had been masturbating and (2) the statements made by the victim and her mother during the June 15th conversation, during which they discussed the victim's masturbation and the victim disclosed the defendant's sexual abuse. The defendant contends that this evidence was relevant because it supported the defense theory that the victim "made a spontaneous false accusation" against the defendant in response to her mother's "overreaction" to the victim's statement that the defendant had "showed" her. The defendant asserts that the victim was referring to the Japanese animation videos.

The defendant also argues that the statements made during the June 15th conversation were not hearsay because he did not offer them for the truth of the matter asserted therein. He further contends that acts of solitary masturbation are not covered by the rape shield law. The State counters that the defendant's arguments about hearsay and the rape shield law are not preserved for our review. We begin with the hearsay issue.

Whether a statement is hearsay depends upon the purpose for which it is offered. See Reinholz, 169 N.H. at 28; State v. Pelletier, 149 N.H. 243, 253

(2003).  "If a statement is not offered to prove its truth, but is offered for some other reason, it is not hearsay."  Reinholz, 169 N.H. at 28.  On appeal, the defendant argues that the statements made during the June 15th conversation would not be hearsay if he was the proponent because he would not be offering them for the truth of the matter asserted in those statements; rather, he would be offering them to show that the victim first accused him of touching her only after her mother "overreacted" to the statement "Shawn showed me."  See id.  We agree with the State that the defendant did not make this argument to the trial court.  Indeed, at oral argument, the defendant conceded that trial counsel never "t[ook] on [the issue of] hearsay directly."  He asserted, however, that his hearsay argument is nonetheless preserved for our review because his relevance arguments to the trial court "implicitly" challenged the court's hearsay ruling.  We disagree.

Generally, we do not consider issues raised on appeal that were not presented in the trial court.  See State v. Noucas, 165 N.H. 146, 152 (2013).  This preservation requirement, expressed in both our case law and Supreme Court Rule 16(3)(b), reflects the general policy that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court.  Wilson, 169 N.H. at 768.  The defendant, as the appealing party, bears the burden of demonstrating that he specifically raised the arguments articulated in his appellate brief before the trial court.  State v. McInnis, 169 N.H. 565, 573 (2017).  To preserve an argument that the trial court erroneously excluded evidence at trial, a party generally must make an offer of proof that apprises the trial court of (1) the specific nature of the evidence and (2) why it is admissible.  See, e.g., Costella, 166 N.H. at 714-15; Noucas, 165 N.H. at 158-59.  The proponent of the evidence bears the burden of creating a sufficient record for our review on appeal, i.e., a record that sets forth the specific basis for admissibility of the proffered evidence.  Bohan v. Ritzo, 141 N.H. 210, 218 (1996); accord Costella, 166 N.H. at 715.

The party seeking to introduce an out-of-court statement bears the burden of demonstrating that it is not hearsay or that it meets a hearsay exception.  See State v. Sweeney, 151 N.H. 666, 677 (2005); Noucas, 165 N.H. at 158-59.  The defendant never explained to the trial court why the statements made during the June 15th conversation were not hearsay and, therefore, were admissible.  This is important because, in its pretrial order, the court identified the State as the anticipated proponent of the statements made during the June 15th conversation in ruling that those statements were hearsay.  Cf. Noucas, 165 N.H. at 158 (characterizing out-of-court statement as "presumptively hearsay").  The trial court did not appear to contemplate that the defendant might seek to introduce some or all of these statements.  If the court misunderstood or overlooked that the defendant sought to introduce the contents of the June 15th conversation, it was incumbent upon the defendant to bring this to the trial court's attention.  See State v. Gay, 169 N.H. 232, 248

6

(2016); see also LaMontagne Builders v. Bowman Brook Purchase Group, 150 N.H. 270, 274 (2003) (holding that, to satisfy our preservation requirement, legal issues that arise as a result of a trial court's order must be presented to the trial court in a motion for reconsideration). This requirement exists because "[t]he trial court must have had the opportunity to consider any issues asserted by the defendant on appeal." Gay, 169 N.H. at 248.

The court treated the defendant's mid-trial motion to admit certain evidence as a motion to reconsider its relevance ruling. This motion, however, did not include the argument he now makes on appeal: that the statements were not hearsay because he was offering them for a non-truth purpose. Therefore, the filing of this motion did not preserve the defendant's hearsay argument for our review. See id.; LaMontagne Builders, 150 N.H. at 274. Furthermore, although the defendant raised his relevance argument regarding the masturbation evidence several times during trial, he never alerted the trial court to the non-truth purpose for which he now argues the out-of-court statements were offered. Accordingly, this argument is not preserved for our review. Cf. State v. Gross-Santos, 169 N.H. 593, 598 (2017) ("[W]e have held that an issue is preserved when the trial court understood and therefore addressed the substance of an objection."). We decline to consider this argument in the first instance on appeal. See State v. Edic, 169 N.H. 580, 583 (2017); cf. Pelletier, 149 N.H. at 253 (noting that whether a statement "is offered for purposes other than its truth . . . is an issue of fact for the trial court").

C

We next turn to the defendant's argument that the trial court erred by excluding the masturbation evidence on the basis of relevance. The trial court ruled, and we agree, that the relevance of the masturbation evidence depended upon whether the statements made during the June 15th conversation were admitted into evidence. The masturbation evidence was only relevant to explain why the victim's mother broached the subject of masturbation with the victim on June 15 and the statements made during the subsequent conversation. Indeed, on appeal, the defendant ties the relevance of the masturbation evidence to the victim's statement that the defendant "showed" her. Because the contents of the June 15th conversation were excluded from trial, the fact that the victim had been masturbating was not relevant. See Bennett, 144 N.H. at 16 (holding that because "the defendant's statement was never introduced" at trial, "evidence of the circumstances surrounding it were not necessary to explain its context"). Therefore, we conclude that the trial court sustainably exercised its discretion when it excluded the masturbation evidence on relevance grounds. In light of this conclusion, we need not address the parties' arguments concerning whether the rape shield law applies to masturbation.

IV

We now turn to the defendant's argument that the trial court erred by excluding certain character evidence. The defendant sought to have his ex-wife testify that, in her opinion, he "is sexually attracted to women, not to children." The trial court ruled that this evidence was not admissible under Rule 404(a)(1) pursuant to our holding in Graf. See Graf, 143 N.H. at 298-99; N.H. R. Ev. 404(a)(1). We agree with the trial court that Graf precludes the defendant from introducing this evidence.

"New Hampshire Rule of Evidence 404(a) governs the admissibility of character evidence." Graf, 143 N.H. at 297. The general rule is that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion." N.H. R. Ev. 404(a); see State v. Demeritt, 148 N.H. 435, 443 (2002). Rule 404(a)(1) provides an exception to this general rule by allowing "[e]vidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same." Under this exception, the defendant in a criminal case may "present evidence of a pertinent trait of character to prove that he acted in conformity with that character trait at the time of the alleged crime." Graf, 143 N.H. at 297; see N.H. R. Ev. 404(a)(1).

To be admissible under Rule 404(a)(1), the proffered character evidence must be "pertinent," and it must constitute a "trait of character." N.H. R. Ev. 404(a)(1); see Graf, 143 N.H. at 297-98. In Graf, we defined pertinence to be synonymous with relevance. See Graf, 143 N.H. at 298 ("Evidence is pertinent if it is relevant. Whether the proffered character evidence is relevant depends on whether it relates to the particular trait(s) that are relevant to the matter in controversy." (quotation and citations omitted)).

Here, the trial court ruled that our decision in Graf "answer[ed] th[e] question" of whether the defendant's proffered character evidence was admissible under Rule 404(a)(1). The proffered character evidence in this case was opinion testimony that the defendant "is sexually attracted to women, not to children." We note that the defendant's characterization of the proffered testimony differs on appeal from the offer of proof he made to the trial court. In reviewing the trial court's ruling, we rely on the offer of proof made to and ruled on by that court. See Costella, 166 N.H. at 714-15; Gordon, 161 N.H. at 414. We therefore decline to address any arguments made by the defendant that are premised upon a different offer of proof.

In Graf, we considered whether the proffered character evidence in that case was "pertinent to the crime of aggravated felonious sexual assault involving a minor." Graf, 143 N.H. at 298. The defendant sought to introduce

8

character evidence, through opinion testimony of other witnesses, "that he was not the type of person who would sexually assault children or take advantage of them." Id. at 296. We held "that the trial court properly excluded the proffered character evidence because it was not pertinent within the meaning of Rule 404(a)(1)." Id. at 299. We explained:

> The trial court correctly noted that not being the type of person to sexually assault or to take advantage of children is not pertinent to the charged crime because such conduct is generally not the type of conduct which is done in public, but [in] an environment or location calculated to avoid detection. One's reputation for sexual activity, or lack thereof, may have no correlation to one's actual sexual conduct. When a character witness testifies as to his opinion of the defendant's pertinent trait of character, that opinion must be confined to the nature and extent of observation and acquaintance upon which the opinion is based. Because aggravated felonious sexual assault concerns sexual activity, which is normally an intimate, private affair, we hold that the character witnesses lacked the knowledge necessary to form an opinion as to whether the defendant is the type of person to sexually assault or to take advantage of children.

Id. (quotations and citations omitted). We reasoned that "the proffered evidence, lacking any foundation, would be irrelevant because it does not have the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Id. at 299; see N.H. R. Ev. 401 (amended 2017).

In his brief, the defendant agrees that, pursuant to Graf, "a person's character for committing [sexual] assaults against children would not be a matter about which other people would be in a position to have an informed opinion." Further, he conceded at oral argument that Graf precluded his ex-wife from offering opinion testimony that "he's not sexually attracted to children, because she wouldn't know." At trial, the defendant sought to have his ex-wife testify that, in her opinion, he "is sexually attracted to women, not to children." (Emphasis added.) We fail to see a meaningful distinction between opinion testimony that a defendant is "not sexually attracted to children" and opinion testimony that a defendant is "sexually attracted to women, not to children." Accordingly, we conclude that the trial court sustainably exercised its discretion in precluding the defendant from introducing this proffered character evidence.

Affirmed.

9

LYNN, C.J., and HICKS and BASSETT, JJ., concurred; DALIANIS, C.J., retired, specially assigned under RSA 490:3, concurred.