NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2020-0569

PETITION OF DEVIN MILES

Argued: December 14, 2021
Opinion Issued: September 2, 2022

Kirsten Wilson Law, PLLC, of Portsmouth (Kirsten B. Wilson on the brief and orally), for the petitioner.


John M. Formella, attorney general (Elizabeth C. Woodcock, senior assistant attorney general, on the brief and orally), for the State.


DONOVAN, J.  The petitioner seeks certiorari review of decisions of the Merrimack County Superior Court (Kissinger, J.) denying his motion to quash an indictment against him, his renewed motion to quash, his motion for interlocutory appeal, and his motion for findings of fact and rulings of law.  The petitioner argues that the court erred by failing to quash the indictment because, in his view, the indictment was contrary to RSA 169-B:4, VII (Supp. 2021) and violated New Hampshire Rule of Criminal Procedure 20(a)(4) as well as his double jeopardy rights pursuant to the State and Federal Constitutions. We affirm.

The following facts are supported by the record or are otherwise undisputed.  In July 2019, law enforcement received a report that the petitioner had sexually assaulted the alleged victim.  At the time of the investigation, the alleged victim was six years old and the petitioner was

seventeen years old. According to the State, the alleged victim claimed that the petitioner sexually assaulted her "repeatedly at her grandmother's house in Rockingham County and one time" in Merrimack County in the Town of Bow, on December 25, 2018.

In August 2019, the State filed three juvenile delinquency petitions against the petitioner in the family division of the circuit court. One of the juvenile petitions charged the petitioner with a pattern of aggravated felonious sexual assault (AFSA). The petition alleged that the acts comprising the pattern occurred in Rockingham County on four specific dates: June 22, 2018; August 24, 2018; September 15, 2018; and May 27, 2019. The State subsequently moved to certify the petitioner as an adult and transfer the matter to the Rockingham County Superior Court pursuant to RSA 169-B:24 (Supp. 2021). In early November 2019, the family division granted the motion to certify the petitioner. Later that month, the petitioner turned eighteen.

In December 2019, the petitioner was indicted in Merrimack County on one count of AFSA pursuant to RSA 632-A:2 (Supp. 2021). The indictment was based upon the alleged sexual assault that occurred in Bow. At the time of the indictment, the Rockingham County Superior Court had not yet ruled on the State's motion to certify the petitioner as an adult and transfer the juvenile matter to the superior court. Accordingly, the petitioner filed a motion in the Merrimack County Superior Court to "[q]uash and/or stay the litigation of the indictment until such time as the juvenile petition has been adjudicated and transferred to adult court." The State filed an objection, and the court denied the petitioner's motion.

The petitioner subsequently filed a renewed motion to quash, asserting that the offense alleged in the indictment fell within the time frame of the pattern offense alleged in one of the juvenile petitions. He asserted that "[s]ubjecting [him] to prosecution for a pattern offense as a juvenile, and a single offense as an adult, in different courts with different fact finders, is certainly not the intent of the legislators in drafting RSA 169-B:4, VII." He also argued that the indictment violated New Hampshire Rule of Criminal Procedure 20(a)(4) as well as his double jeopardy rights pursuant to the State and Federal Constitutions. The State objected, and the Merrimack County Superior Court denied the motion to quash. The petitioner then filed an interlocutory appeal statement, a motion to certify the statement, and a motion for findings of fact and rulings of law. The court denied the petitioner's motions. This petition for writ of certiorari followed.

In September 2020, the Rockingham County Superior Court denied certification and transfer of the juvenile matter pursuant to RSA 169-B:24 and remanded to the family division for further proceedings on the certification issue. The State challenged that decision in a petition for writ of certiorari. We

accepted the State's petition and consolidated the case with this appeal. In a separate opinion, we held that the Rockingham County Superior Court erred as a matter of law in denying certification pursuant to RSA 169-B:24 and by remanding the case to the family division for further proceedings. See Petition of State of New Hampshire, 175 N.H. ___, ___ (August 12, 2022) (slip op. at 10). Accordingly, we reversed the superior court's decision and remanded with instructions that it grant certification of the petitioner pursuant to RSA 169-B:24. Id.

Turning to the merits of this Rule 11 petition, we must decide whether the Merrimack County Superior Court erred by denying the petitioner's motions to quash the indictment. Certiorari is an extraordinary remedy that is not granted as a matter of right, but, rather, at the court's discretion. Petition of N.H. Div. of State Police, 174 N.H. 176, 180 (2021); see Sup. Ct. R. 11. Our review of a decision on a petition for writ of certiorari entails examining whether the trial court acted illegally with respect to jurisdiction, authority or observance of the law, or unsustainably exercised its discretion or acted arbitrarily, unreasonably, or capriciously. Petition of N.H. Div. of State Police, 174 N.H. at 180.

Resolving the parties' dispute requires that we interpret the statutory language set forth in RSA 169-B:4, VII. The interpretation of a statute presents a question of law, which we review de novo. State v. Folds, 172 N.H. 513, 521 (2019). When interpreting a statute, we first look to the language of the statute itself, and, if possible, construe the language according to its plain and ordinary meaning. Id. We construe all parts of a statute together to effectuate its overall purpose and to avoid absurd or unjust results. State v. Keenan, 171 N.H. 557, 561 (2018). Furthermore, we do not read words or phrases in isolation, but in the context of the entire statutory scheme. Folds, 172 N.H. at 521. Absent ambiguity, we need not look beyond the statutory language to discern legislative intent. In re J.S., 174 N.H. 375, 379 (2021).

The petitioner first argues that the trial court erred by denying his motions to quash the indictment on the alleged December 25, 2018 assault because, in his view, RSA 169-B:4, VII did not authorize the State to proceed against him in the superior court. RSA 169-B:4, VII provides: "In any instance in which the statute of limitations has not tolled and no juvenile petition has been filed based upon acts committed before the minor's eighteenth birthday, the state may proceed against the person in the criminal justice system after that person's eighteenth birthday." Thus, RSA 169-B:4, VII authorizes the State to bring criminal charges against an individual who has reached the age of majority based upon crimes that the individual committed as a minor, provided that two conditions are met: (1) the statute of limitations has not tolled; and (2) "no juvenile petition has been filed based upon acts committed before the minor's eighteenth birthday." Id.

3

Here, there is no dispute that the applicable statute of limitations has not tolled and, thus, that the first condition has been met. We must therefore determine whether a "juvenile petition has been filed," thereby precluding the State from criminally prosecuting the petitioner for the alleged December 25 assault. Id. The plain language of this second condition could be interpreted as precluding the State from bringing criminal charges pursuant to RSA 169-B:4, VII if the State has ever filed a juvenile petition against the potential defendant, regardless of whether that juvenile petition is still pending. However, such an interpretation would effectively insulate all adults who have had juvenile petitions filed against them in the past from being prosecuted for crimes they committed as minors merely because they have aged out of the juvenile system. We will not presume that the legislature intended such an absurd result. See Hogan v. Pat's Peak Skiing, LLC, 168 N.H. 71, 75 (2015).

Instead, to avoid this absurd result, we interpret the phrase "no juvenile petition has been filed" as precluding the State from criminally prosecuting individuals for acts they committed as minors only when those individuals are subject to ongoing juvenile proceedings. See RSA 169-B:4, VII. The other language in RSA 169-B:4 supports this interpretation. Paragraphs I through VI of the statute set forth the circumstances under which the family division may exercise and retain juvenile jurisdiction over individuals who have turned eighteen. See RSA 169-B:4, I-VI (Supp. 2021). When paragraphs I through VI are read together with the language of paragraph VII, the phrase "no juvenile petition has been filed" indicates that the legislature intended to preclude the State from criminally prosecuting individuals for acts they committed as minors if the family division still has juvenile jurisdiction over those individuals. See Keenan, 171 N.H. at 561 (explaining that we "construe all parts of a statute together to effectuate its overall purpose and avoid absurd or unjust results").[1]

We conclude that the second condition set forth in RSA 169-B:4, VII does not preclude criminal prosecution in this case because there are no longer any ongoing juvenile proceedings involving the petitioner. As noted above, in Petition of State of New Hampshire, 175 N.H. at ___ (slip op. at 10), we held that the Rockingham County Superior Court erred by denying certification of the petitioner as an adult pursuant to RSA 169-B:24. Accordingly, we reversed and remanded with instructions that the superior court grant certification and transfer the case from the family division. Petition of State of New Hampshire, 175 N.H. at ___ (slip op. at 10). Nothing in the record indicates that there are any other pending juvenile matters involving the petitioner. Therefore, because the family division no longer has juvenile jurisdiction over the petitioner, the

---

[1] To be clear, we do not conclude that any ongoing juvenile proceeding will preclude the State from criminally prosecuting individuals for acts they committed as minors. Rather, we conclude that, at a minimum, there must be an ongoing juvenile proceeding for the second condition of RSA 169-B:4, VII to apply.

4

State "may proceed against [him] in the criminal justice system." RSA 169-B:4, VII. To the extent that the petitioner argues that the juvenile proceedings were ongoing at the time of the December 2019 indictment — and, thus, that RSA 169-B:4, VII did not authorize the State to bring criminal charges — that issue is moot. See In the Matter of O'Neil & O'Neil, 159 N.H. 615, 624 (2010) ("Generally a matter is moot when it no longer presents a justiciable controversy because issues involved have become academic or dead" (quotation omitted)).

The petitioner next argues that the indictment is contrary to New Hampshire Rule of Criminal Procedure 20(a)(4). That rule provides, in part:

> [A] defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.

The petitioner argues that the Merrimack County AFSA indictment is contrary to Rule 20(a)(4) because the alleged December 25, 2018 assault "falls squarely during the pattern charge which is the basis of the alleged conduct in the juvenile petition." In the petitioner's view, the offense alleged in the indictment "aris[es] from the same criminal episode" as the pattern offense alleged in one of the juvenile petitions. Id. For the purposes of resolving this argument, we assume, without deciding, that Rule 20(a)(4) applies to offenses charged in the juvenile system. Nonetheless, we conclude that Rule 20(a)(4) is inapplicable.

In State v. Reinholz, 169 N.H. 22 (2016), we held that Rule 20(a)(4) did not require the State to have brought two pattern AFSA charges against the defendant at the same time that it brought two charges for individual acts of sexual assault, even though the pattern charges "spanned the same time period, concerned the same victim, and involved the same types of sexual acts" as the individual acts. Reinholz, 169 N.H. at 26-27. We explained that, although "it is possible that the individual acts of sexual assault . . . each comprised one of the predicate acts necessary to establish the corresponding pattern AFSA charge[s]," "the opposite could also be true." Id. at 26. We further observed:

> [H]ad the defendant or the State so requested, either would have been entitled to an instruction informing the jury that it could not use the same alleged act of sexual assault both to comprise a part of the pattern supporting a conviction on a pattern AFSA charge and to support a conviction upon an individual charge based upon that act.

5

<u>Id</u>. at 27.  We therefore concluded that the pattern AFSA charges were not based upon the same conduct and did not arise from the same criminal episode, and, thus, Rule 20(a)(4) did not require joinder.  <u>Id</u>.

Based upon our holding in <u>Reinholz</u>, we conclude that Rule 20(a)(4) did not require the State to join the offense alleged in the indictment with the pattern offense alleged in one of the juvenile petitions.  Although the alleged December 25 assault involved the same victim and the same type of conduct and occurred during the same time frame as the pattern alleged in the juvenile petition, the State did not charge it as part of the pattern offense in the juvenile petition, and the State was not required to prove the December 25 assault in order to establish the pattern offense.  See <u>Reinholz</u>, 169 N.H. at 26-27.

The petitioner also argues that the indictment violates his double jeopardy rights pursuant to the Federal and State Constitutions.  We decline to address the petitioner's double jeopardy argument because the argument is premature.  The petitioner concedes that "prosecution for separate predicate offenses [is] acceptable provided they were not relied upon for proof of the pattern offense."  Moreover, as the State points out, "the possibility that the Merrimack charge could somehow become part of the Rockingham petition is easily solved by a pre-hearing motion <u>in</u> <u>limine</u>" to preclude consideration of the alleged December 25 assault as part of the pattern.  See <u>id</u>.

Finally, although the petitioner challenges the court's denial of his motion to certify an interlocutory appeal statement as well as his motion for findings of fact and rulings of law, he makes no developed argument specifically regarding the denial of either motion.  Accordingly, we decline to address any challenge to those decisions.  See <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003) ("[W]e confine our review to only those issues that the defendant has fully briefed.").

<u>Affirmed</u>.


HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred; ABRAMSON, J., retired superior court justice, specially assigned under RSA 490:3, concurred.