# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0579, <u>State of New Hampshire v. Dylan Wright</u>, the court on June 2, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, Dylan Wright, appeals his convictions, following a jury trial in Superior Court (<u>Will</u>, J.), on charges of aggravated felonious sexual assault, <u>see</u> RSA 632-A:2 (2016), felonious sexual assault, <u>see</u> RSA 632-A:3 (2016), and endangering the welfare of a child, <u>see</u> RSA 639:3 (2016). He argues that the trial court erred by admitting evidence of the victim's out of court statements regarding the location of the assaults. We affirm.

The trial court has broad discretion to determine the admissibility of evidence, and we will not upset its ruling absent an unsustainable exercise of discretion. <u>State v. Reinholz</u>, 169 N.H. 22, 28 (2016). Under this standard, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>State v. Chandler</u>, 176 N.H. 216, 223 (2023).

The victim testified that the assaults occurred in August 2019, in the living room of the condominium in which she was living with her father, mother, and maternal grandmother. She testified that in September 2020, she disclosed the assaults to her father's girlfriend. Later that week, she told her father, her boyfriend, and her therapist.

Defense counsel cross-examined the victim with the therapist's incident report, which included a statement that the victim reported that the assaults occurred in the victim's bedroom. The victim first testified that she did not remember telling the therapist that the assaults occurred in the bedroom. After reviewing a highlighted section of the report, she testified, "I still don't really remember," but then agreed with defense counsel that she told the therapist that the defendant "came to [her] bedroom." Over defense counsel's objection, the trial court then allowed the victim's former boyfriend and her father's girlfriend to testify that the victim told them that the assaults occurred in the living room.

The defendant argues that the trial court erred in allowing such testimony, asserting that the evidence was inadmissible under Evidence Rule

801(d)(1)(B).  The State counters that the trial court properly admitted the testimony under Evidence Rule 613.

New Hampshire Rule of Evidence 613(c) provides that "evidence of a prior consistent statement may be admitted only for rehabilitation: (1) after the witness's credibility has been attacked through the use of a prior inconsistent statement; and (2) where the probative value of the prior consistent statement outweighs its prejudicial effect."  N.H. R. Ev. 613(c).  "If a prior consistent statement is admitted for rehabilitation the court shall give a limiting instruction that the statement is not substantive evidence."  Id.

The first part of the Rule 613(c) test was met because defense counsel attacked the victim's credibility through the use of the prior inconsistent statement in the incident report.  As for the second part, we generally defer to the trial court to determine whether the probative value of testimony is outweighed by its prejudicial effect.  State v. Colbath, 171 N.H. 626, 636 (2019).  In this case, the record supports the trial court's implied finding that the probative value of the witnesses' testimony outweighed any prejudicial effect.

The defendant argues that, even if the evidence was admissible under Rule 613, the trial court erred in failing to give a limiting instruction that the testimony was being admitted only for rehabilitation.  Generally, parties may not have judicial review of matters not raised in the trial court.  State v. Shaw, 173 N.H. 700, 710 (2020).  The purpose of this rule is to afford the trial court an opportunity to correct any error it may have made.  Id.  This requirement is particularly appropriate when an alleged error involves a jury instruction.  State v. Ainsworth, 151 N.H. 691, 693-94 (2005).  Here, the record does not show that the defendant requested a limiting instruction.  Nor does he argue that the lack of a limiting instruction was plain error.  See State v. Leroux, 175 N.H. 204, 210 (2022) (exercising our discretion to consider plain error only when defendant specifically argues under that rule).

Although the defendant argues that he was not placed on notice that he needed to request a limiting instruction, the prosecutor relied upon Rule 613 during the court conference addressing the admissibility of this testimony.  Moreover, the trial court cited Rule 613 before allowing the testimony, noting the prosecutor's position that defense counsel had "impeached [the victim] with the statement she made to the therapist[,] and that opens the door under [R]ule 613 to bring in the prior consistent statements."  Accordingly, we construe the trial court's order to admit the testimony under Rule 613 and conclude that the limiting instruction issue is not preserved for our review.  See Ainsworth, 151 N.H. at 693-94.

In light of our decision, we need not address the parties' harmless error arguments. See Antosz v. Allain, 163 N.H. 298, 302 (2012) (declining to address parties' other arguments where holding on one issue is dispositive).

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**